# MAY, 1922.

## Commonwealth Bonding & Casualty Insurance Company v. C. M. Bryant.

### No. 3039. Decided May 3, 1922.

### (240 S. W., 893).

**1.—Peremptory Charge—Exception.**

A party is entitled to have a judgment against him reversed where it was based on a verdict following an unauthorized peremptory charge, though no exception thereto was reserved before the charge was given. Walker v. Haley, 110 Texas, 56; Decker v. Kirlicks, 110 Texas, 93; followed. (P. 23).

**2.—Accident Insurance—Total Disability.**

Evidence here considered, in an action to recover on an accident insurance policy, is held insufficient to justify a peremptory instruction to find for plaintiff the amount due under the terms of the policy in case of total disability from accident. (P. 23).

**3.—Same.**

An accident insurance policy providing for recovery of a stated indemnity for injury which should "wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation" is not to be so literally construed as to forbid such recovery where, though able to perform some of the acts required in his occupation (railroad conductor), the insured was rendered substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation. Fidelity & Cas. Co. v. Getzendanner, 93 Texas, 487; Fidelity & Cas. Co. v. Joiner, 178 S. W., 808; approved. (Pp. 23, 24).

**4.—Same.**

Evidence here considered is held insufficient to warrant the giving of a requested peremptory instruction denying insured recovery for total disability resulting from accident.

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Bryant sued the Commonwealth Bonding & Casualty Co. and recovered judgment. Defendant appealed, and on affirmance (185 S. W., 979) obtained writ of error. The evidence as to the extent of insured's disability showed that he was not incapacitated to perform some of the acts necessary in his occupation of railroad conductor, but was incapacitated to perform some of its material duties. That while he made three trips in its performance after the injuries were received, he was enabled to do so only, as he claimed, by assistance from other employees in matters which his duties as conductor required of him. The conflict was not in the evidence, but in the inferences to be drawn from it by the jury or court.

*Crosby, Hamilton & Harrell* (*Speer & Brown* also on briefs on appeal), for plaintiff in error.—On refusal to consider assignment of error on giving peremptory instruction: Continental Cas. Co. v. Wade, 101 Texas, 102; Fidelity & Cas. Co. v. Getzendanner, 93 Texas, 487.

That the peremptory instruction given was erroneous: Passmore's Instructions to Juries in Texas Civil Cases, sec. 165; City National Bank v. Martin-Brown Co., 48 S. W., 617; Supreme Council A. L. of H. v. Anderson, 61 Texas, 296; G. C. & S. F. Ry. Co. v. Haden, 68 S. W., 530; Fitzgerald v. Hart, 23 S. W., 933; Fitzgerald v. Hart, 17 S. W., 369.

The court erred in refusing defendant's requested charge. Fidelity & Cas. Co. v. Getzendanner, 93 Texas, 487; Continental Cas. Co. v. Wade, 101 Texas, 102.

*L. L. Bowman, F. M. Kemp*, and *Yates, Sherrill & Starnes*, for defendant in error.

On defendant's failure to except to giving of peremptory charge. Acts 1913, page 113; Needham v. Evans, 173 S. W., 979; Taylor v. Butler, 168 S. W., 1004; C. B. & Q. Ry. v. Wilson, 176 S. W., 619; Heath v. Huffhines, 168 S. W., 974; G. C. & S. F. Ry. v. Dickey, 171 S. W., 1097; Fuller v. El Paso L. S. C. Co., 174 S. W., 930; Railway v. Chumley, 169 S. W., 1107.

That the proof warranted such peremptory charge. Joske v. Irvine, 91 Texas, 574; Fidelity & Cas. Co. v. Getzendanner, 93 Texas, 487; Bock v. Freeman D. G. Co., 173 S. W., 582; Fidelity & Casualty Co. v. Joiner, 178 S. W., 806; Turner v. Casualty Co., 38 L. R. A., 529, 67 Am. St., 428; Ladill v. Aid Association, 65 Am. St., 542.

Appellant having by a requested instruction to find for defendant, raised the issue as to the legal effect of the evidence, is not now in a position to complain because the court did not submit to the jury, the issue thus raised. Having invited the court to take the case from the jury it can not now complain. Stephenville Ry. v. Wheat, 173 S. W., 974; Heath v. Huffhines, 168 S. W., 974; Taylor v. Butler, 168 S. W., 1004.

The refusing of a peremptory instruction is fundamental error, apparent on the face of the record, which must be considered on appeal, although no exception is reserved to the action of the Court in refusing the same. Hovy v. Sanders, 174 S. W., 1025; G. C. & S. F. Ry. Co. v. Higginbotham, 173 S. W., 482.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendant in error sued plaintiff in error to recover $2600 on an accident policy.

The policy obligated plaintiff in error to pay a weekly indemnity, aggregating the amount sued for, if defendant in error, who was

a railroad conducter, sustained bodily injuries, through external, violent and accidental means, which should immediâtely, continuously and "wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation." The policy obligated plaintiff in error to pay one-half said weekly indemnity for not exceeding 26 weeks "if such injury should not wholly disable the insured, as above, but shall immediately (or immediately following total disability) and continuously disable and prevent him from performing one or more important daily duties pertaining to his occupation."

The trial court directed a verdict for defendant in error for the full amount sued for. The first and second errors assigned by plaintiff in error in the Court of Civil Appeals complained of this peremptory charge. The Court of Civil Appeals refused to consider the assignments on the ground that it was not affirmatively shown that plaintiff in error's objections to the peremptory charge were presented before the charge was read to the jury. The writ of error was granted because of the conflict between this decision and other decisions of the Courts of Civil Appeals to the effect that assignments on the giving of peremptory charges were entitled to consideration in the absence of objection thereto in the trial court.

While the writ of error has been pending, the rule has been settled by the decisions of this court that a party is entitled to have a judgment against him reversed, where it was based on a verdict following an unauthorized peremptory charge, though no exeception thereto was reserved before the charge was given. Walker v. Haley, 110 Texas, 50, 214 S. W., 295; Decker v. Kirlicks, 110 Texas, 93, 216 S. W., 385.

The Court of Civil Appeals considered and overruled an assignment complaining of the refusal of a charge asked by plaintiff in error to the effect that defendant in error was not entitled to recover the weekly indemnity allowed by the policy for total disability, being of the opinion that reasonable minds might, from the evidence, reach different conclusions as to whether the disability of defendant in error was such as to entitle him to recover the larger or the smaller weekly indemnity.

We agree that the evidence was not of such a character as to warrant either the peremptory charge against plaintiff in error, the insurer, which was given, or the peremptory charge against defendant in error, the insured, which was refused.

The court will not give such a literal interpretation to the language of this contract, wherein the large weekly indemnity is promised, as to practically relieve the insurer of all obligation thereunder. Such would be the effect of a decision discharging plaintiff in error from all liability if defendant in error, after his injury, could do any-

thing required of him as a railroad conductor. Hefner v. Fidelity & Casualty Co., 110 Texas, 605, 606, 607, 222 S. W., 466. The language of the policy is fairly and justly susceptible of the interpretation, which, we think, should be given to it, that the larger indemnity was promised if the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation. Fidelity and Casualty Co. v. Getzendanner, 93 Texas, 487, 53 S. W., 838, 55 S. W., 179, 56 S. W., 326; Fidelity and Casualty Co. v. Joiner, 178 S. W., 808 (W. of E. ref.); North American Accident Ins. Co. v. Miller, 193 S. W., 755 (W. of E. ref.); 14 R. C. L., 1316; 5 Joyce on Insurance (2nd Ed.), sec. 3032 (c); Foglesong v. Modern Brotherhood of America, 121 Mo. App., 548, 97 S. W., 240; Lobdill v. Laboring Men's Mutual Aid. Ass'n, 69 Minn., 14, 38 L. R. A., 537, 65 Am. St., 542, 71 N. W. 696. Who can doubt that the insured actually believed that he had at least the stated degree of indemnity, under the policy, or that the insurer actually intended him to so believe? We are certain that any construction of the language of the policy, more favorable to the insurer, would not accomplish, but would defeat, the real intent and purpose of the contracting parties.

The other questions presented by the petition for writ of error were correctly disposed of by the opinion of the Court of Civil Appeals.

For the error in peremptorily directing a verdict for defendant in error, the judgments of the District Court and of the Court of Civil Appeals are reversed and the cause is remanded to the District Court for a new trial.

*Reversed and remanded.*