## CONTINENTAL CASUALTY CO. v. COOPER.
### (No. 3716.)

Court of Civil Appeals of Texas. Texarkana.
June 6, 1929.

H. L. Carpenter, of Greenville, for appellant.

Neyland & Neyland, of Greenville, for appellee.

WILLSON, C. J. (after stating the case as above). That the judgment was not warranted plainly appears from the foregoing statement. The contract did not bind appellant to indemnify appellee for "business time" lost from sickness, unless the sickness continued longer than 2 weeks, nor, if it continued longer than 2 weeks, unless the sickness caused him to lose all business time during the first 2 weeks thereof. It bound appellant to indemnify appellee only for business time he lost from sickness after the sickness had continued 2 weeks during which he lost all business time. The evidence that appellee was able to do, and did do, some work during

all the time he was sick, was undisputed. So it appeared the contingency upon which appellee was to be entitled to recover anything of appellant, to wit, that he was sick longer than 2 weeks during which he lost all business time, never happened. In support of the judgment, appellee insists it appeared he was so disabled during the first 2 weeks of his sickness "as not to be able to perform the substantial duties of his occupation," and that his case therefore was within the terms of the contract, citing Commonwealth Bonding & Casualty Ins. Co. v. Bryant (Tex. Sup.) 240 S. W. 893. The contract in that case was unlike the one in this case, and we do not regard the holding of the Supreme Court in that one as furnishing any support for appellee's contention.

The judgment will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellant.