**WINTERS MUT. AID ASS'N CIRCLE NO. 2,
v. REDDIN.
No. 1548—5866.**

Commission of Appeals of Texas, Section A.
May 16, 1932.

Beall & Beall, of Sweetwater, and O. L. Parish, of Ballinger, for plaintiff in error.

Thomas J. Coffee and Thomas & Coffee, all of Big Spring, for defendant in error.

SHARP, J.

J. E. Reddin sued Winters Mutual Aid Association, Circle No. 2, of Winters, Tex., and A. O. Strother, president of the board of directors, R. L. Stokes, secretary-treasurer, C. G. Smith, Fred Tinkle, and John Q. McAdams, directors of said association, for $1,000, with interest thereon, from December 15, 1928, until paid, at the rate of 6 per cent. per annum, and recovered judgment against Winters Mutual Aid Association for that amount. An appeal was made to the Court of Civil Appeals at Eastland, and the judgment of the trial court was affirmed. 31 S. W.(2d) 1103.

Upon application of Winters Mutual Aid Association the Supreme Court granted a writ of error.

Defendant in error moves that the petition for writ of error in this cause be dismissed, and that this cause be dismissed from the docket for the following reasons:

(1) That original cause No. 5120 was tried in the district court of Mitchell county, Tex., and judgment rendered therein on the 9th day of November, 1929; that an appeal was duly made to the Court of Civil Appeals and the judgment of the trial court was affirmed by that court. That the cause is now pending in the Supreme Court upon writ of error which was granted.

(2) That on the 11th day of January, 1932, Winters Mutual Aid Association filed a petition in the district court of Mitchell county in the nature of a bill in equity, asking that the judgment rendered therein in cause No. 5120 be vacated and set aside, alleging that certain perjured testimony was given by defendant in error; that plaintiff in error did not learn of these facts until long after the original trial was had, and not in time to have presented them to the trial court in a motion for new trial, or that they could have been brought up by appeal. Citation was asked on said plea, and defendant in error filed an answer thereto. Certified copies of the petition and answer accompany the motion made by defendant in error to dismiss the petition for writ of error and also the cause from this docket.

The courts of this state are liberal in construing the rights of litigants in prosecuting appeals to the appellate courts. However, when a writ of error is granted by the Supreme Court, it has the effect to deprive the trial court of jurisdiction of that case pending the appeal. The writ applied for and granted was based upon the errors committed by the trial court and Court of Civil Appeals in disposing of the merits of this cause. Until those issues are disposed of, the Supreme Court has exclusive jurisdiction. The rule is well settled that, if it appears that the matters complained of in the equitable suit to vacate the original judgment could have been presented to the trial court in the original proceedings, and brought up by appeal for review, a suit in equity to vacate the judgment would not lie. This rule rests upon the principle that it is the policy of the law to avoid a multiplicity of suits. Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, 995; Hermann v. Allen, 103 Tex. 382, 128 S. W. 115. The rule is also well established that the right to appeal or bring error may be waived by pursuing a remedy inconsistent with an appeal or writ of error. 3 Tex. Jur. p. 159, § 100. The foregoing rules will not be invoked in this case, unless it is shown that plaintiff in error has pursued a remedy inconsistent with an appeal or writ of error, or that the matters complained of in the suit in equity to set aside the original judgment could have been presented to the trial court for a ruling thereon, and brought up by appeal.

The courts of this state have established a rule that any person injured in a judgment may at a subsequent term institute a suit to set aside such judgment and retry the cause. This is an equitable proceeding. The essential elements must be alleged showing in particular that the judgment was obtained through the wrongful conduct of the opposite party, unmixed with fault upon the part of the complainant, and, moreover, that the complainant has a meritorious defense which, if heard, would probably bring about a different result. This proceeding is essentially a new suit upon which citation must issue, if no voluntary appearance be made. The proceeding does not contemplate the granting merely of a new trial, but it contemplates a re-examination of the entire case. For a full discussion of the rules announced with respect to filing of a suit to vacate a judgment rendered at a prior term of the court, we refer to the following decisions: Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 412; Sharp v. Schmidt, 62 Tex. 263; Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Aetna Ins. Co. v. Brannon, 99 Tex. 398, 89 S. W. 1057, 1060, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003 (W. ref.); Humphrey et al. v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Empire Gas & Fuel Co. v. Noble et al. (Tex. Com. App.) 36 S.W.(2d) 451; Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254; Harding v. W. L. Pearson & Co. (Tex. Com. App.) 48 S.W.(2d) 964.

An appeal by writ of error is to review the errors committed by the trial court and the Court of Civil Appeals. A suit in equity

to set aside the judgment goes to the very foundation of the judgment, and does not involve a revision of the judgment for errors committed. The functions of such a suit are entirely distinct from the functions of an appeal from the judgment assailed. The pleadings filed in the trial court to vacate the judgment rendered at a prior term show that none of the matters complained of in this appeal are alleged as a cause for vacating the judgment. Of course litigants will not be permitted to review in the suit in equity to vacate the original judgment any matters involved in the appeal, or that could have been brought up by appeal in the original proceedings.

■ When we consider this record in the light of the foregoing rules, the fact that plaintiff in error is prosecuting an appeal from the original judgment does not affect its right to file a suit in equity to set aside that judgment, nor does the filing of the equitable proceedings to vacate the original judgment affect the jurisdiction of the Supreme Court to pass upon this appeal. In our judgment, the proceedings filed in the trial court to vacate the judgment upon equitable grounds are not inconsistent with the appeal in this cause. The sufficiency of the allegations contained in the petition is not involved here. Therefore, we overrule the motion to dismiss the application for a writ and the cause from the docket.

■ Plaintiff in error also contends that, the case having been submitted to the jury upon special issues, it was error for the trial court to give the explanation in connection with special issue No. 2, which was in effect a general charge.

The trial court submitted to the jury special issue No. 2 which reads: "Is the plaintiff, J. E. Reddin, totally disabled? Answer Yes or No. Answer Yes."

The court, in connection with issue No. 2, gave the following explanation which reads as follows: "If you find from the evidence that the said J. E. Reddin is suffering from impairment of his feet of such nature and to such extent as renders him unable to perform all labor and work necessary to be done to enable him to successfully follow the occupation of a tenant farmer and to render him unable to perform all labor and work necessary to enable him to successfully follow the occupation of a barber, and as to render him unable to perform all the work and labor necessary to enable him to successfully follow any and all other substantial occupations open to a laboring man, and which he would be able to follow were it not for the condition of his feet, then the said J. E. Reddin is totally disabled within the meaning of the above question; but if the said J. E. Reddin is able to perform all the work and labor necessary to enable him to follow the occupation of a

tenant farmer, or the occupation of a barber, or of any other substantial occupation open to a laboring man which he would be able to follow were it not for the condition of his feet, then he is not totally disabled."

Plaintiff in error in timely manner excepted to the explanation given by the trial court in connection with special issue No. 2, upon the following grounds: (1) That it was a general charge; and (2) that the definition of "total disability," as applied to the facts of this case, was incorrect.

The Court of Civil Appeals held that there was no error in giving this explanation. Article 2189, R. S. 1925, provides that, when a case is submitted on special issues, the court shall submit only "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

It is clear that the special charge given was not an explanation such as contemplated by the statute and is not a definition. It is clearly a general charge and is improper where a case is submitted to the jury upon special issues. Texas & P. Ry. Co. v. Perkins (Tex. Com. App.) 48 S.W.(2d) 249; Kemper v. Police & Firemen's Ins. Ass'n (Tex. Com. App.) 48 S.W.(2d) 254, on motion for rehearing; Turner v. Missouri, K. & T. R. Co. (Tex. Civ. App.) 177 S. W. 204; Humble Oil & Refining Co. v. McLean (Tex. Com. App.), 280 S. W. 557; Owens v. Navarro County Levee Imp. Dist. (Tex. Civ. App.) 281 S. W. 577; Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162; Texas & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094; St. Louis & Southwestern Ry. Co. v. Hudson (Tex. Com. App.) 17 S.W.(2d) 793; Radford Grocery Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218.

■ In addition to being a general charge, complaint is made that it is incorrect. In substance, the jury is instructed that, if they find J. E. Reddin is suffering from impairment of his feet of such nature as renders him unable to perform all labor and work necessary to be done to successfully follow the occupation of a tenant farmer or barber and all other substantial occupations open to a laboring man, then the said Reddin would be totally disabled within the meaning of the question. This statement is clearly erroneous. Commonwealth Bonding & Casualty Insurance Co. v. Bryant (Tex. Sup.) 240 S. W. 893; Great Southern Life Ins. Co. v. Johnson (Tex. Com. App.) 25 S.W.(2d) 1093, 1097. Judge Greenwood in the case of Commonwealth Bonding & Casualty Ins. Co. v. Bryant, supra, states the rule clearly upon this question in the following language: "The language of the policy is fairly and justly susceptible of the interpretation, which, we think, should be given to it, that the larger

indemnity was promised if the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation. Fidelity & Casualty Co. v. Getzendanner, 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326; Fidelity & Casualty Co. v. Joiner (Tex. Civ. App.) 178 S. W. 806, 808 (W. of E. ref.); North American Accident Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 750, 755 (W. of E. ref.); 14 R. C. L. 1316; 5 Joyce on Insurance (2d Ed.) § 3032 (c); Foglesong v. Modern Brotherhood of America, 121 Mo. App. 548, 97 S. W. 240; Lobdill v. Laboring Men's Mutual Aid Ass'n, 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. Rep. 542."

Judge Ryan, in the case of Great Southern Life Insurance Company v. Johnson, supra, held: "A policy requiring payment for total disability ordinarily is not one of indemnity against loss of income but against loss of capacity to work. 6 Cooley's Briefs on Insurance (2d Ed.) 5536. 'Total disability' is necessarily a relative matter, and must depend chiefly on the peculiar circumstances of each case and on the nature of the occupation or employment and the capabilities of the person injured. It does not mean absolute physical disability of the insured to transact any kind of business pertaining to his occupation, but exists if he is unable to do any substantial portion of the work connected therewith. Id. 5539." This assignment should be sustained.

Plaintiff in error further contends that the Court of Civil Appeals erred in overruling the following assignment of error, which is as follows: "The court erred in refusing to permit the defendant to introduce in evidence the Constitution and By-Laws of Winters Mutual Aid Association of Winters, Texas, as passed and amended November 7, 1928, after said Constitution and By-Laws had been proved by R. L. Stokes, Secretary of said association, and that said association had no other rules and regulations, other than those offered in evidence, and that said instrument as offered in evidence, constituted the entire Constitution and By-Laws of said association, and was properly signed by the Directors of said Association."

We adopt the following statement from the opinion of the Court of Civil Appeals, which reads:

"Citizens' Mutual Aid Association, an alleged unincorporated association, on December 10, 1923, issued to J. E. Reddin a certificate of membership therein. The certificate contained the recitation that his membership was based upon his application, 'which application is filed in the office of the Citizens' Mutual Aid Association of Winters, and made a part of this contract, and in accordance with the by-laws of the Association.' The application, among other things, stated that the age of the applicant was forty-two years, and that his occupation was that of barber. The certificate of membership also contained the following relevant provisions:

"'B. In the event of the Insured becoming totally and permanently disabled because of sickness while in good standing and before having reached the age of 65 years, will be paid $1.00 for each member in good standing at the time of such total disability, not to exceed $1,000.00.

"'C. In the event of the Insured, while in good standing, suffers the loss of both eyes, both hands, both feet, or any two of the above members, such member will be paid $1.00 for each member in good standing at the time of such loss, not to exceed $1,000.00'

"About January 1, 1926, the association was merged with another similar association, and thereafter conducted under the name of Winters Mutual Aid Association, Circle No. 2. Subsequent to the merger, upon calls for three assessments of $1 each, claimed to be in arrears, Reddin remitted the amount claimed, accompanying same with a health certificate, dated May 21, 1927, among other things stating: 'I am in good health at this time and free from any disease which would prevent me from obtaining life insurance, and that my eyes and limbs are normal.' This suit was afterwards brought by said J. E. Reddin against Winters Mutual Aid Association, Circle No. 2, seeking to recover upon said certificate for an alleged injury, occurring about December 15, 1928, through which he lost the use of both feet 'due to fallen arches.' * * *

"Among the defenses of the defendant, in addition to general and special exceptions and a general denial, were: (1) That the constitution and by-laws of the Citizens' Mutual Aid Association were part of the contract of insurance and contained a provision for subsequent amendment binding upon the members, and also a provision that the issuance of any new certificate should automatically cancel a former certificate. That after Citizens' Mutual Aid Association was taken over by appellant, the constitution and by-laws were so amended as to define the loss of feet and total disability in such way as to preclude any right of recovery by insured upon the alleged facts, and that a new certificate had been issued and properly mailed to the insured, thus having the effect of cancelling the certificates sued on. (2) That insured had become delinquent in the payment of dues and had been reinstated because of certain representations as to his health, and that his eyes and limbs were normal, which it was alleged were false representations, resulting in the forfeiture of his rights under the certificate. (3) That material misstatements were made in the original application, having the effect to avoid liability under the contract."

The certificate of membership, dated December 10, 1923, issued by the Citizens' Mutual Aid Association, also contains the following provision: "That his membership is based upon his application, which application is filed in the office of the Citizens' Mutual Aid Association of Winters, Texas, and made a part of this contract and in accordance with the By-Laws of the Association."

Defendant in error contends:

(a) That the only purpose for which the amended constitution and by-laws of the association were offered in evidence was to show that benefits provided for in the certificate of insurance were attempted to be changed, and that such amended constitution and by-laws were not admissible in evidence.

(b) That the amendments to the constitution and by-laws having been made after the issuance and delivery of the certificate of insurance sued upon, such amendments are void and ineffective to the extent wherein they attempt to change or eliminate the benefits provided for in said contract of insurance.

(c) That the management and control of the association being vested in a self-perpetuating "board of directors," and the members of the association not having any say or participation in such management, any attempt on the part of such management to change the contract of insurance without the consent of the members is void.

Plaintiff in error further contends that, by the terms of the amended constitution and by-laws, the provisions of the original certificate issued by Citizens' Mutual Aid Association dated December 10, 1923, to Reddin had been superseded by a new certificate issued thereunder. The constitution and by-laws of the Citizens' Mutual Aid Association was introduced in evidence, and they do not change the provisions of the certificate sued upon. The amendment sought to be introduced in evidence was purported to have been adopted by Strother and others, as board of directors of the Winters Mutual Aid Association, Circle No. 2, on November 7, 1928. The record shows that the original certificate issued to Reddin by the Citizens' Mutual Aid Association was dated December 10, 1923. According to the contention of defendant in error the reinstatement certificate was issued May 21, 1927.

It will be noted that the original certificate issued to Reddin provided that his membership was based upon his application which was filed in the office of the association and made a part of the contract "and in accordance with the By-Laws of the Association." In the by-laws referred to, no provision is shown therein which authorizes the association to change or amend the contractual relations entered into with its members as shown in the certificate issued.

The rule is well established that a provision in the insurance certificate of a member of a mutual aid association by which it was stated that his membership was based upon his application, which application is filed in the office of the association and made a part of his contract "and in accordance with the By-Laws of the Association," when it is not shown that the by-laws at the time of the issuance of the certificate of insurance expressly reserved the power to alter or change the contract in its essential parts, did not authorize the governing body to make a radical change in his rights, as by changing the terms of the certificate to eliminate some of the essential benefits given to the member. If a subsequent by-law of the association is in conflict with its insurance certificate, and the contract of insurance is legally entered into, the contract as expressed in the certificate will control. The rule also prevails that ordinarily there can be no change in the contract of insurance as made, except by the consent of both parties. Ericson v. Supreme Ruling, Fraternal Mystic Circle, 105 Tex. 170, 146 S. W. 160, 162; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S. W. 438; Independent Order of Puritans v. Brown (Tex. Civ. App.) 229 S. W. 939; Smith v. Our United Brotherhood (Tex. Civ. App.) 191 S. W. 199; 45 C. J. p. 35; 19 R. C. L. p. 1202.

Judge Brown in the case of Ericson v. Supreme Ruling, Fraternal Mystic Circle, supra, in construing the provision of a policy of insurance in a benefit society, said: "The provision in Ericson's policy, by which he agreed to comply with the orders and by-laws adopted in future, is invoked to sustain the re-rating by the committee; but that had reference only to such regulations as have reference to the members, duties and conduct as a member, and did not embrace an act that would produce a radical change in his rights. Morton v. Supreme Council, etc., 100 Mo. App. 76, 73 S. W. 259."

The general rule is also announced in 45 C. J. p. 35 as follows: "Alterations made in the constitution and by-laws of a fraternal benefit society, whether by amendment or repeal of existing provisions or by the enactment of new provisions, will be given a prospective operation unless it clearly appears that they were intended to operate retrospectively, even though the laws of the society expressly authorize alterations therein, and although the member agreed to be bound by future changes; and even where a retrospective operation was intended, the alterations do not govern the rights and liabilities of pre-existing members and their beneficiaries if vested rights would thereby be defeated or the obligation of contracts be impaired."

The general rule relating to assessments is also stated in 45 C. J. p. 44, § 35, cc, as follows: "By the weight of authority a society may alter its constitution and by-laws so as to increase the amount of assessments pay-

able, where the member consents thereto, as by an express agreement to pay all assessments that may be levied, or where the power to alter is reserved and the member agrees in his contract to be bound by future as well as existing laws of the society, provided the increase is not unreasonable nor discriminatory and is necessary to carry out the purposes of the organization and perform existing obligations, notwithstanding representations to prospective members that the rates would never be increased."

 Whether or not the last-cited rule prevails in this state, when it is shown that, at the time the certificate of insurance was issued by a mutual aid association organized under the laws of this state, it was provided in its constitution and by-laws that it expressly reserved the power to alter or change the contract in its essential parts, is not before us for a decision, and therefore it is not necessary to pass upon that question. This assignment should be overruled.

We recommend that the judgments of the Court of Civil Appeals and the trial court be reversed, and this cause remanded to the district court for another trial in accordance with this opinion.

CURETON, C. J.

Judgments of the Court of Civil Appeals and district court are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.