**METROPOLITAN LIFE INS. CO. v. PRIBBLE.**

No. 13129.

Court of Civil Appeals of Texas. Fort Worth.

March 15, 1935.

Rehearing Denied May 3, 1935.

Leake, Henry & Young, of Dallas, for appellant.

McLean & Scott and Glover Johnson, all of Fort Worth, for appellee.

LATTIMORE, Justice.

The policy provided for total and permanent disability benefits to an insured who "has become so disabled as a result of bodily injury or disease as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit."

The issue submitted to the jury inquired if plaintiff was "incapacitated from performing the usual tasks of a workman by such injury."

We therefore inquire whether such submission fairly encompasses a reasonable construction of the language of the policy. Manifestly, a literal enforcement of this clause would practically nullify it. No person could qualify for compensation under it unless he were totally paralyzed and even such a one might get a side show job on the "midway." The courts, therefore, have attempted to work out a fair construction bearing in mind the situation of the parties and the recognized objects of the parties in making the contract. Hefner v. Fidelity Co., 110 Tex. 596, 160 S. W. 330, 222 S. W. 966.

The language of the charge is in substance and almost verbatim as approved by several earlier cases which arose under the workmen's compensation acts. Article 8306, § 10, R. S. Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316; Bishop v. Millers' Indemnity Underwriters (Tex. Civ. App.) 254 S. W. 411; Georgia Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601, 603. Under such insurance every employee of the subscriber, save certain officers of a corporation, is a workman within the provisions for compensation. Article 8309, § 1a (1925) R. S. The policy here in suit is not such, but is a group policy issued to employees of a railroad which is not within the scope of the Workmen's Compensation Act, and hence it is argued that to force liability on appellant, stipulating for incapacity "to engage in any occupation" or "any work for compensation or profit" upon a jury verdict only that appellee is "incapacitated from performing the usual tasks of a workman," is an undue restriction on the contract. In Commonwealth Bonding & Casualty Co. v. Bryant, 240 S. W. 893, and Hefner Case, supra, the Supreme Court construed a policy which by its language contracted for payment upon disability to perform the duties of the insured's occupation. That is not the language of this policy, but in Great Southern Ins. Co. v. Johnson, 25 S. W.(2d) 1093, 1094, the B Section of the Commission of Appeals, in an opinion approved by the Supreme Court and in construing a policy contracting against disability "from performing any work for compensation or profit or from following any gainful occupation," which is almost verbatim the language of the policy now before us, said: "The rule announced by Judge Greenwood in that case [Bryant's Case] applies here." In Winters Mutual

Aid Ass'n v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095, 1098, Mr. Justice Sharp, then a member of Section A of the Commission of Appeals, construing a policy which provided for benefits "in the event of the Insured becoming totally and permanently disabled," and passing upon the court's charge, said:

"In substance, the jury is instructed that, if they find J. E. Reddin is suffering from impairment of his feet of such nature as renders him unable to perform all labor and work necessary to be done to successfully follow the occupation of a tenant farmer or barber and all other substantial occupations open to a laboring man, then the said Reddin would be totally disabled within the meaning of the question. This statement is clearly erroneous. Commonwealth Bonding & Casualty Ins. Co. v. Bryant (Tex. Sup.) 240 S. W. 893; Great Southern Life Ins. Co. v. Johnson (Tex. Com. App.) 25 S.W.(2d) 1093, 1097. Judge Greenwood in the case of Commonwealth Bonding & Casualty Co. v. Bryant, supra, states the rule clearly upon this question in the following language: 'The language of the policy is fairly and justly susceptible of the interpretation, which, we think, should be given to it, that the larger indemnity was promised if the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation. Fidelity & Casualty Co. v. Getzendanner, 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326; Fidelity & Casualty Co. v. Joiner (Tex. Civ. App.) 178 S. W. 806, 808 (W. of E. ref.); North American Accident Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 750, 755 (W. of E. ref.); 14 R. C. L. 1316; 5 Joyce on Insurance (2d Ed.) § 3032 (c); Foglesong v. Modern Brotherhood of America, 121 Mo. App. 548, 97 S. W. 240; Lobdill v. Laboring Men's Mutual Aid Ass'n, 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. Rep. 542.'

"Judge Ryan, in the case of Great Southern Life Ins. Co. v. Johnson, supra, held: 'A policy requiring payment for total disability ordinarily is not one of indemnity against loss of income but against loss of capacity to work. 6 Cooley's Briefs on Insurance (2d Ed.) 5536. "Total disability" is necessarily a relative matter, and must depend chiefly on the peculiar circumstances of each case and on the nature of the occupation or employment

and the capabilities of the person injured. It does not mean absolute physical disability of the insured to transact any kind of business pertaining to his occupation, but exists if he is unable to do any substantial portion of the work connected therewith. Id. 5539.' This assignment should be sustained." In that case the application showed the insured to be a barber and had been a tenant farmer.

■ An examination of the opinion of Justice Funderburk in the Reddin Case, which opinion was the basis of the writ of error which brought that case before the Supreme Court, shows that the Court of Civil Appeals held that "the loss and disability against which the indemnity is provided in this contract relate to the occupation in which the insured is employed at the time of the sickness or injury resulting in the loss or disability." Winters Mut. Aid Ass'n v. Reddin (Tex. Civ. App.) 31 S.W.(2d) 1103, 1106. While the Supreme Court held the charge erroneous because general in a case submitted on special issues, the language of Justice Sharp's opinion, in connection with the other opinions above cited, shows that total and permanent disability in our case exists prima facie if the insured is totally and permanently disabled from performing the work or engaging in the occupation which he was performing at the time the insurance was issued; the work or occupation in which he was engaged at the time of injury. It may be that in a proper case the issue may be broadened if the life history of the insured shows him able by training and experience to earn by some other work or occupation, a "proportionately equal" livelihood; but we are not called on to pass on the latter, for in this case the whole evidence shows that appellee has spent his entire mature life working as a railroad switchman and that his efforts to turn to other means of livelihood since his injuries have met with unqualified failure. We therefore overrule the assignments of error directed at the charge and without discussion of the well-settled rule that "permanent" does not call for a definition where the charge relating to an insured shown to be only fitted to earn a living as a workman, as in this instance, includes the principle that his disability be such that he cannot procure and retain employment. See all the cases cited supra; also, Kemper v. Police & Firemen's Ins. Ass'n (Tex. Com. App.) 44 S.W.(2d) 978; Texas Employers' Ins. Ass'n v. Ray (Tex. Civ. App.) 68 S.W.(2d) 290.

■ The payments were not due on this policy until three months after proof of loss was furnished the appellant. There is a disputed fact issue as to when this notice was given. No issue thereon was submitted to the jury, but the court gave appellee judgment for monthly payments beginning with the date of injury as the date of notice. We believe this to be error. Appellee in his brief requests that in the event we so find, we do not remand the cause but reform the judgment so that the first payment be due three months after March 28, 1933, at which latter date the appellant admits receiving proof of loss. Accordingly, the judgment of the trial court is reformed to award appellee judgment against appellant in the sum of $1,536.30, with interest at 6 per cent. per annum from January 3, 1934.

As so reformed, the judgment of the trial court is affirmed at the cost of appellee.

The costs of the trial court are taxed against appellant except that the attorneys' fees, which are reduced to the sum of $270, and in said amount are a part of the $1,536.30, aforesaid.

### On Motion for Rehearing.

■ We did not discuss the allowing of attorneys' fees against a foreign corporation. The group policy issued to appellee's employer is claimed to have been consummated beyond the bounds of Texas. The policy issued to the appellee under and as a part of said group policy and without which appellant did not insure appellee, was issued in Forth Worth, Tex., and there delivered. Such policy so delivered to appellee is subject to the laws of Texas providing for attorneys' fees. This rule was fully discussed by us in Metropolitan Life Ins. Co. v. Worton, 70 S.W.(2d) 216, and writ was refused by the Supreme Court.

The motion is overruled.