**GARZA et al. v. TREVINO et al.**

No. 12511.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 12, 1936.

P. G. Greenwood, of Harlingen, for appellants.

Brown & Bader, of Edinburg, for appellees.

BOBBITT, Justice.

Appellants, Abundio Garza et al., defendants in the trial court, perfected their appeal from a purported judgment of the Ninety-Third district court of Hidalgo county, entered in cause No. B–10360, styled Luis Garza Trevino et al. v. Abundio Garza et al., on October 3, 1935, through the filing of their bond, which was duly approved October 23, 1935. Appellants, however, have failed to prosecute such appeal. They declined to file the transcript or further proceed with the appeal on the ground, as they now contend, that such judgment of the district court is not a final judgment; that it is a nullity; and that this court, therefore, has no jurisdiction to hear the cause.

Appellees, then, on January 23, 1936, filed in this court the appropriate certificate of the proceedings in the court below, together with their motion to affirm such judgment on certificate.

·The transcript before us shows that the trial court simply ordered a case, which had theretofore been dismissed for want of prosecution, reinstated on the docket for trial at some later date. It is clear that several terms of the court had intervened after the case was dismissed and before the proceedings herein complained of were instituted.

It is apparent, on the face of the certificate filed herein by appellees, that the purported judgment of the trial court is not.a final judgment, and that, as here presented, it is without effect, and this court, therefore, has no authority to enter any order other than to dismiss the application for affirmance on certificate.

The court below, it is shown by the certificate, heard the parties in this cause and on October 3, 1935, entered an order restoring the dismissed case to the docket for trial at a later date, and without at the same time, and in the same proceedings, disposing of the case on its merits. It is well established that such a proceeding as thus attempted, through a so-called bill of review, cannot ·be disposed of by piecemeal. The trial court, in a proper case, has the power and authority in a proceeding in equity to inquire into a case disposed of, as here complained of, but such court is without authority to determine that it should be restored to the docket, and then at a later time tried on its merits. It is well established that the entire proceeding must be disposed of in the one trial on the merits. This rule is well settled by the following decisions of our Supreme Court, and authorities there-

in and here cited: Humphrey et al. v. Harrell (Tex.Com.App.) 29 S.W.(2d) 963; Winters Mutual Aid Ass'n Circle No. 2 v. Reddin (Tex.Com.App.) 49 S.W.(2d) 1095; Tex.Jur. vol. 25, pp. 661, 672.

The motion to affirm on certificate is therefore dismissed.