**HOME BEN. ASS'N v. SPRINGER.**

No. 5041.

Court of Civil Appeals of Texas. Texarkana.

March 11, 1937.

Oltorf & Oltorf and Cecil R. Glass, all of Marlin, for plaintiff in error.

Phillips & Smith, of Tyler, for defendant in error.

JOHNSON, Chief Justice.

This appeal is from a judgment, entered upon findings of a jury, awarding defendant in error, Fred Springer, recovery for total and permanent disability, under an insurance policy issued to him by plaintiff in error, Home Benefit Association, the pertinent terms of which read: "Should any member in this Class through accident become totally and permanently disabled from engaging in any gainful occupation, or from performing any work, or from conducting any business for compensation or profit prior to attaining the age of sixty years the Home Benefit Association agrees to pay to the member named herein the sum of one dollar for each member in good standing in this Class, said amount not to exceed one thousand five hundred dollars ($1500.00) ;"

The facts of the cause show that the insured, Fred Springer, is forty-one years of age; has been married twenty-four years; lives with his family; has no education; has no capabilities except those of a manual laborer, such has been his occupation continuously since he was a small boy; that the policy was issued to him February 23, 1923; that he was injured April 2, 1934, through an accident in unloading a truck of heavy iron material; that an oil-well drilling stem weighing about 1,200 or 1,400 pounds fell from the truck, striking his hip, injuring it, and breaking his right leg in three places.

Insured testified that as the result of his injuries he had been in the hospital up to the time of the trial 115 days; that preceding the injury he had been doing oil field work and truck driving; that since the injury he has not been able to do any work; that his condition is not improving; that from his hip down the right leg is perishing; that he has trouble with his hip and back; that his back, hip, and leg are too weak for him to walk without crutches; that he cannot stand on his feet and bend over and raise up as before his injury; that he suffers from his back, hip, and leg; that he has not heard of any kind of work that he can do in his condition.

Dr. Pope, a witness for insured, testified that "there was a fracture in the right wing of the sacrum, that is, the bone on which the spinal cord rests above and on either side of that bone fuses with the bone proper in the back, and you can see that fracture without the aid of a glass; that

there was a fracture of the right leg about the junction of the lower and middle third of the leg and that there were two fractures below that; that there was a wasting away of the muscles of his right leg and thigh; that the left leg is about two inches thicker above the knee than the right leg—that is, that the right leg has perished two inches in diameter; that the insured is disabled to do any kind of manual labor and that such condition is permanent."

Dr. Pickard, witness for plaintiff in error, testified: "There is not enough shown by the X-ray in the pelvis to give him disability on that; that if the leg is healed I would not think he would be both permanently and totally disabled;" that he had not made a complete examination of the insured and was testifying only according to the X-ray; that from the information he had from his last examination at the time of making the X-ray he would say that insured, in his judgment, was then unable to work; that in his opinion insured has improved.

Dr. Mitchell, testifying as a witness in behalf of plaintiff in error, who had examined the insured several months prior to the trial, testified that in his opinion at the time of his examination the insured was not able to work or engage in any gainful occupation; witness refused to negative the contention that insured was totally and permanently incapacitated at this time.

The court submitted the cause to the jury upon the two issues, (1) total disability, and (2) permanent disability, and the accompanying definitions as follows:

"You are instructed that the words, 'totally disabled as a result of bodily injury, so as to be prevented thereby from engaging in any occupation or performing any work for wage or profit' do not mean an absolute inability to perform any kind of labor or occupation but such disability, if any exists, if the person so disabled is unable to do any substantial portion of the usual tasks of a workman in such a way as to procure and retain employment.

" 'Permanent disability' is such as is continuous and may not reasonably be expected by the use of proper care and treatment to improve to the extent that the person so disabled may thereafter be able to perform the usual task of a workman in such a way to procure and retain employment the remainder of his natural life.

"Special Issue No. 1: Do you find from a preponderance of the evidence in this case that the plaintiff, Fred Springer, on the 2nd day of April, 1934, became totally disabled as a result of a bodily injury so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit, as the term 'total disability' is defined above?

"Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"If you answer Special Issue No. 1 'Yes' and in that event only you will answer Special Issue No. 2.

"Special Issue No. 2: Do you find from a preponderance of the evidence in this case that such total disability, if any you find, is permanent disability, as that term is defined in this charge?

"Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

Plaintiff in error rests the appeal upon two propositions: (1) That the trial court incorrectly defined "totally disabled"; and (2) that the evidence is insufficient to support the findings of the jury.

Under the first proposition contention is made to the effect that the above-quoted language of the policy should be given a strictly literal interpretation, and that such construction should have been applied in framing the definition of total disability. To do so would require a finding of 100 per cent. incapacity to perform in the least measure *any* of the activities mentioned in the policy—which if given such literal construction would cover the entire conjectural realm in which the human body and mind may be exercised for gain—thus leaving only a negligible, if any, chance for the insured to ever receive benefits under the contract. This construction contended for by plaintiff in error is not sustained. The courts of this state have refused to approve such a literal interpretation of the language of the contract "as to practically relieve the insurer of all obligation thereunder." The language of the contract under consideration is fairly and justly susceptible of the more reasonable interpretation placed upon it by the trial court, to the effect that indemnity was promised of the injuries received rendered insured "unable to do any substantial portion of the usual tasks of a workman in

such a way as to procure and retain employment." Such interpretation of the contract placed upon the insured no greater degree of liability, if as great, as the holdings in the following cases: Commonwealth Bonding & Casualty Co. v. Bryant, 113 Tex. 21, 240 S.W. 893; Hefner v. Fidelity & Casualty Co., 110 Tex. 596, 160 S.W. 330, 222 S.W. 966; Great Southern Life Ins. Co. v. Johnson (Tex.Com.App.) 25 S.W.(2d) 1093, 1097; Kemper v. Police & Firemen's Ins. Ass'n (Tex.Com.App.) 44 S.W.(2d) 978; Winters Mutual Aid Ass'n v. Reddin (Tex.Com.App.) 49 S.W.(2d) 1095; Amarillo Mutual Benevolent Ass'n v. Franklin (Tex.Civ.App.) 33 S.W.(2d) 859.

■ A policy containing language similar to that we now have under consideration was before the court in Great Southern Life Ins. Co. v. Johnson, supra, quoting:

"As said in Hefner v. Fidelity & Casualty Co., 110 Tex. [596] 606, 160 S.W. 330, 334, 222 S.W. 966, such a clause in the policy should be reasonably construed; a literal construction 'would require a complete loss of all physical power and mental capacity—in fact, it would scarcely happen that one could live and bring himself within the literal language of the contract.' While the policy in Commonwealth Bonding & Casualty Co. v. Bryant [113 Tex. 21] 240 S.W. 893, limited the character of disability to the performance of any and every kind of duty pertaining *to his occupation,* and here the policy is more comprehensive in that, 'if any work may be performed for compensation or profit, or any gainful occupation may be followed,' recovery is precluded, the rule announced by Judge Greenwood in that case applies here, viz.: 'The court will not give such a literal interpretation to the language of this contract * * * as to practically relieve the insurer of all obligations thereunder. Such would be the effect of a decision discharging plaintiff in error from all liability if defendant in error, after his injury, could do *anything required of him* as a railroad conductor.'

"A policy requiring payment for total disability ordinarily is not one of indemnity against loss of income but against loss of capacity to work. 6 Cooley's Briefs on Insurance (2d Ed.) 5536. 'Total disability' is necessarily a relative matter, and must depend chiefly on the peculiar circumstances of each case and on the nature of the occupation or employment and the capabilities of the person injured. It does not mean absolute physical disability of the insured to transact any kind of business pertaining to his occupation, but exists if he is unable to do any substantial portion of the work connected therewith. Id. 5539."

■ When reviewed in the light of the particular circumstances before the court under which the inquiry was presented to the jury in this case, we do not think reversible error is shown in the issue and accompanying definition of total disability, nor can it be said that the evidence is insufficient to support the jury's findings.

The judgment of the trial court will be affirmed.