**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Millard C. TATE, Appellee.**

**No. 7231.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 10, 1961.

Rehearing Denied Jan. 24, 1961.

C. C. Renfro, Renfro & Johnson, Dallas, for appellant.

Alvin Boyd, Clint Barham, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Millard C. Tate, sued defendant-appellant, on a policy of insurance for total and permanent disability. The policy was issued on February 25, 1928. The insurance policy relative to total and permanent disability contained the following provisions:

"Disability Before Age 60: Waiver of Premiums—Payment of Insurance in Monthly Installments.—If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime, and if such disability shall occur at any time after the payment of the first premium on this Policy, while this Policy is in full force and effect and the Insured is less than sixty years of age, and before any non-forfeiture provision shall become operative, the Company, upon receipt of due proof of such disability, will grant the following benefits:

"(1)   *   *   *

"(2) Payment of Insurance in Monthly Installments.—The Company will, in addition to waiving the premiums, pay to the Insured at its Home Office the amount insured, less any indebtedness under this Policy, in one hundred and twenty monthly instalments during ten years, each instalment to be of the amount of $9.74 per $1,000 of insurance payable. The first of such monthly instalments shall be paid immediately upon receipt by the Company of due proof of such disability and subsequent monthly instalments shall be paid on the first day of each month thereafter."

The appellee became 60 years of age on August 27, 1955. He did not know about the provisions for total and permanent disability in the policy until the month of May, 1957. When he discovered the provision for total disability benefits he called the Insurance Company in Dallas, and they sent an adjuster to his house with the necessary forms to file his proof of loss. The adjuster left the forms for him to sign, and one for him to get a doctor to sign. Appellee filled out the form they left for him to file and mailed it to the appellant. He carried the other form to a doctor who filled it out and mailed it to the appellant, according to the testimony of the appellee, who said that the appellant admitted receiving both forms.

Trial of this case was to a jury, and the jury found that the appellee became totally and physically disabled prior to August 27, 1955; that the disability was permanent; that the appellant was furnished proof of his being totally disabled, and that such proof was furnished to the appellant more than 30 days prior to November 22, 1957, the date the suit was filed. Judgment was entered by the trial court for the appellee. The appellant has perfected its appeal and brings forward four points of error.

Prior to the trial of the case the appellant and appellee entered into a stipulation that the policy of insurance sued upon herein was still in full force on April 4, 1958; that appellee became 60 years of age on August 27, 1955; appellee first gave notice to appellant on May 20, 1957 that he was totally and permanently disabled. They fur-

ther stipulated and agreed that the appellee owed appellant on a loan the sum of $1,065.87.

■ By point 3 appellant challenges the sufficiency of the evidence that the appellee furnished proof that he was totally disabled is contrary to the overwhelming preponderance of the admissible evidence. Having stipulated that the date that such proof was filed, it was not necessary to submit the issue. The point is without merit, and is overruled.

■ By its points 1 and 2 the appellant complains of the error of the trial court in not submitting certain special issues which were requested by the appellant. These issues requested inquired about the ability of the appellee to qualify as a timekeeper, whether he could make an effective salesman of construction matrials, and to the effect that appellee was able to perform the duties of a timekeeper. There was no objection to the form of charge as submitted by the court on the issue of total disability. The charge was properly submitted. Jefferson Standard Life Insurance Co. v. Curfman, Tex.Civ.App., 127 S.W.2d 567, error dismissed. The question of his permanent total disability was the sole question presented. If such was or was not the case, that was the only issue necessary to be decided. Jefferson Standard Life Insurance Co. v. Curfman, supra; Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Wichita Falls R. & Ft. W. R. Co. v. Combs, Tex.Civ.App., 250 S.W. 714; affirmed, Tex.Com.App., 268 S. W. 447. The points are overruled.

By its fourth point appellant complains of the action of the trial court in the amount of judgment rendered. The policy being for the total sum of $2,500., and the amount to be paid in case of total disability being $9.74 per $1,000, insurance for ten years amounts to $2,922.00; the penalty being fixed at 12%, was $354.64, making a total of $3,276.64. V.A.T.S. Insurance Code, art. 3.62. The point is overruled.

■ The appellee by a counterpoint takes the position that the trial court erred in refusing to allow him an attorney's fee. This is a question of fact to be decided by the jury; not a question of law. No proof was offered as to the amount of a reasonable attorney's fee, and no objection was made to the court's charge for failing to submit such issue. The error, if any, was waived. V.A.T.S. Insurance Code, art. 3.62; Reserve Life Insurance Company v. Miller, Tex.Civ.App., 300 S.W.2d 343, w. r., n. r. e.; Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656; Mercury Life Insurance Company v. Mata et al., Tex.Civ.App., 310 S.W.2d 130, err. ref.

There being no reversible error, the judgment of the trial court is affirmed.