THE PRUDENTIAL INSURANCE COMPANY OF AMERICAN V.
MILLARD C. TATE.

No. A-8266. Decided May 31, 1961
Rehearing overruled June 28, 1961
(347 S. W. 2d Series 556)

*C. C. Renfro,* of Dallas, for petitioner.

*Alvin Boyd, Clint A. Barham,* of Dallas, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit for recovery of benefits provided in an insurance policy issued to respondent by petitioner. This policy provided for certain benefits to be paid to respondent in the event he was disabled before reaching the age of 60 years. It was stipulated that respondent was under 60 years of age at the time he claimed he became totally and permanently disabled. Upon answer to special issues in favor of respondent by the trial jury, the trial court granted respondent's motion for judgment

on the verdict for the sum of $2,922.00, due under the terms of the policy, and $350.64 as 12% penalty provided by statute for failure of the petitioner to pay upon demand by respondent. It was stipulated that respondent owed to petitioner the sum of $1,065.87 on a loan made against the policy. The trial court deducted this amount of the loan from the $3,272.64, and awarded respondent a judgment for $2,206.77, bearing interest at 6% from the date of judgment. On appeal this judgment of the trial court was affirmed. 344 S.W. 2d 254.

We have considered respondent's motion to dismiss for want of jurisdiction and find it is without merit, and said motion is hereby overruled.

We hold that the lower courts were in error in determining the amount due under the terms of the policy and we reverse the judgments of both lower courts and remand the cause to the trial court.

■ Petitioner has three points of error in this Court. The first point contends that it was error for the trial court to overrule petitioner's motion for an instructed verdict because respondent admitted on cross examination that he was able to perform the duties of (1) a timekeeper and (2) an effective salesman of construction material.

Petitioner's second point is that the trial court was in error in not submitting petitioner's requested special issues Nos. 1 and 2 whereby the jury could determine whether respondent was able to perform the kind of work set out in the first point.

Petitioner discusses these points together and we shall do likewise. Respondent testified that he could be a timekeeper if he knew how to operate a typewriter, and could sit at that job. He also testified that he could not operate a typewriter and that he could not walk or stand very long at a time and he did not believe his physical condition would permit his holding a timekeeper's job. The same testimony applied to the job of material checker. He testified that he had been a carpenter or a construction superintendent all of his active working days and that he was no longer able to do either kind of work. Respondent thought he might be a construction material salesman, but he had never had any experience as a salesman, and knew of no job open in such occupation.

In the case of Commonwealth Bonding & Casualty Ins. Co. v. Bryant, 1922, 113 Tex. 21, 240 S.W. 893 which discusses whether or not an insured could recover for total disability under an accident policy providing that if the insured (a railroad conductor) sustained bodily injuries through accident which would immediately, continuously, and "wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation," the court said:

"The language of the policy is fairly and justly susceptible of the interpretation, which, we think, should be given to it, that the larger [total] indemnity was promised if the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation. Fidelity & Casualty Co. v. Getzendanner, 93 Tex. 487, 53 S.W. 838, 55 S.W. 179, 56 S.W. 326; Fidelity & Casualty Co. v. Joiner (Tex. Civ. App.) 178 S.W. 808 (W. of E. ref.) ; North American Accident Ins. Co. v. Miller (Tex. Civ. App.) 193 S.W. 755 (W. of E. ref.) ; 14 R.C.L. 1316; 5 Joyce on Insurance (2d Ed.) § 3032(c) ; Foglesong v. Modern Brotherhood of America, 121 Mo. App. 548, 97 S.W. 240; Lobdill v. Laboring Men's Mutual Aid Ass'n, 69 Minn. 14, 71 N.W. 696, 38 L.R.A. 537, 65 Am. St. Rep. 542. * * "

The Bryant case was discussed and approved in the case of Great Southern Life Ins. Co. v. Johnson, 1930, Comm. App., 25 S.W. 2d 1093, which holding was approved by the Supreme Court. This case was a suit for recovery of total disability on an insurance policy. The policy was for $20,000.00 with a provision waiving annual premiums and agreeing to pay one-tenth of the face amount, $2,000.00 annually for ten years, upon satisfactory proof made by the insured of disability from disease or bodily injury "so that he is and will be thereby permanently, continuously and wholly prevented from performing any work for compensation or profit or from following any gainful occupation." On the issue of total disability, the court said:

"As said in Hefner v. Fidelity & Casualty Co. 110 Tex. 606, 160 S.W. 330, 334, 222 S.W. 966 such a clause in the policy should be reasonably construed; a literal construction 'would require a complete loss of all physical power and mental capacity—in fact, it would scarcely happen that one could live and bring himself within the literal language of the contract.' While the policy in Commonwealth Bonding

& Casualty Co. v. Bryant (Tex. Sup.) 240 S.W. 893, limited the character of disability to the performance of any and every kind of duty pertaining *to his occupation,* and here the policy is more comprehensive in that, 'if any work may be performed for compensation or profit, or any gainful occupation may be followed,' recovery is precluded, the rule announced by Judge Greenwood in that case applies here, viz.: 'The court will not give such a literal interpretation to the language of this contract * * * as to practically relieve the insurer of all obligations thereunder. Such would be the effect of a decision discharging plaintiff in error from all liability if defendant in error, after his injury, could do *anything required of him* as a railroad conductor.'

"A policy requiring payment for total disability ordinarily is not one of indemnity against loss of income but against loss of capacity to work. 6 Cooley's Briefs on Insurance (2d Ed.) 5536. 'Total disability' is necessarily a relative matter, and must depend chiefly on the peculiar circumstances of each case and on the nature of the occupation or employment and the capabilities of the person injured. It does not mean absolute physical disability of the insured to transact any kind of business pertaining to his occupation, but exists if he is unable to do any substantial portion of the work connected therewith. Id. 5539."

The court held that the fact that the insured had been elected justice of the peace and was serving in such capacity "is not of itself conclusive that he is following such a gainful occupation as relieves the company, nor that he is not permanently and totally disabled within the terms of the policy. These are questions for the jury or trial court."

In Jefferson Standard Life Ins. Co. v. Curfman, 1939, Tex. Civ. App., 127 S.W. 2d 567, dism., w.o.j., the insurance company contended that the trial jury should have been instructed that if the plaintiff's ability to labor and earn money in some occupation, which the evidence showed he could follow, or if the plaintiff could qualify himself by education, training or experience to discharge the material duties of an occupation for remuneration or profit, then the plaintiff was not totally disabled within the provisions of the policy. In rejecting such contention the court said that the policy should not be given such a literal and strained construction as the company sought. The court also said:

"We do not believe it was within the contemplation of the parties that the insured should educate himself, or go through apprenticeship for another occupation, and, perchance, be able to do some occupation, thereby be able to relieve the Insurance Company from the obligations of its contract. * * *"

And further:

"* * * We do not think the requested instruction and the issues submitted in connection therewith correctly present a defensive issue that would warrant the court's giving it to the jury."

The applicable policy provision in our case is set out in full in the opinion of the Court of Civil Appeals. In summary, it provides that if the insured becomes totally and permanently disabled from any cause prior to reaching the age of 60 years, to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime, then the company will pay the monthly installment payments therein set out. The construction of this provision is controlled by the above cases and the additional authorities cited in those cases. The trial court submitted an issue inquiring if respondent was totally, physically disabled from any cause whatever, prior to his 60th birthday. In connection with this issue the trial court gave an instruction defining the term "totally disabled." The jury answered "yes" to such issue. Petitioner brings forward no complaint of the instruction and definition in connection with the issue.

■ We hold that the trial court did not err in refusing petitioner's requested special issues Nos. 1 and 2. The matters inquired about were not ultimate issues as to liability of the insurance company. The trial court submitted the controlling issue on this phase of the case, and was not required to submit other and various phases or different shades of that same issue. Rule 279, Texas Rules of Civil Procedure.

Petitioner's third point complains of the method of calculation of the amount due under the terms of the policy, and of the rendition of judgment for a lump sum, rather than in monthly instalments. The pertinent policy provisions are:

"(2) PAYMENT OF INSURANCE IN MONTHLY IN-

STALMENTS. The Company will, in addition to waiving the premiums, pay to the Insured at its Home Office the amount insured, less any indebtedness under this policy, in one hundred and twenty monthly instalments during ten years, each instalment to be of the amount of $9.74 per $1,000 of insurance payable. The first of such monthly instalments shall be paid immediately upon receipt by the Company of due proof of such disability and subsequent monthly instalments shall be paid on the first day of each month thereafter."

This provision binds the company to pay, under the facts and findings of the jury in this case, the amount insured, which is $2,500.00, less any indebtedness under the policy ($1,065.87) in 120 monthly instalments for a ten-year period. Each of these instalments was to be of the amount of $9.74 per $1,000 of insurance payable. The amount of insurance payable is $1,434.13, which is the policy amount of $2,500.00 less the indebtedness of $1,065.87. This balance of $1,434.13 is to be paid in monthly instalments of $9.74 per $1,000.00 over a period of ten years, which, by calculation, is $13.97 per month from the date of receipt by the company of the proper proof of loss. As shown by stipulations between the parties, the date of receipt of notice was May 20, 1957.

Petitioner complains of the action of the courts below in awarding a lump sum recovery in violation of the policy provisions. A lump sum recovery is proper for all past due monthly instalments, and these bear interest at the rate of 6% from maturity of each instalment. As to future instalments, they will be governed by the policy provisions.

Petitioner states in his application for writ of error, that the respondent was dead when this application was filed. No date of death is given. Respondent's attorneys did not controvert such statement, so we assume it is true. If the respondent is dead, the life insurance provided by the policy became due and payable as of that date, subject to proper proof of death. This life insurance would be in an amount of $1,434.13, less the total of the monthly instalments which were due to be paid to respondent prior to his death. The balance due on the monthly instalments of $13.97 each shall be paid in accordance with the following policy provision:

"The total amount of insurance under this Policy at any

time after one or more of such instalments have been paid shall not exceed the commuted value of such said instalments as are not then due computed at the rate of three and one-half per cent per annum compounded interest, * * *;"

as is provided by the last paragraph of Section (2) of the policy provision "Disability Before Age 60; Waiver of Premiums-Payment of Insurance in Monthly Instalments." We have read the entire policy and can find no provision for a lump sum judgment except on the death of the insured, and the respondent has not pointed out any provision relied upon to justify such lump sum judgment.

Respondent is entitled to recover the 12% penalty on the total amount of the monthly instalments; i.e., 120 instalments of $13.97 each for a total of $1,676.40. This penalty is $201.17 and should be added to the past due monthly instalment total due at the time the trial court enters its judgment.

The judgments of both courts below are reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

The costs in this court are taxed against respondent.