Allen L. LASITER, Plaintiff-Appellee,

v.

WASHINGTON NATIONAL INSURANCE COMPANY, Defendant-Appellant.

No. 26488.

United States Court of Appeals
Fifth Circuit.

May 30, 1969.

Rehearing Denied June 27, 1969.

Owen D. Cox, G Cole Thomson, Boone, Davis, Cox & Hale, Corpus Christi, Tex., for defendant-appellant.

Dean Patton, Morrill & Patton, Beeville, Tex., Allen Wood, Fischer, Wood, Burney & Nesbitt, Corpus Christi, Tex., for plaintiff-appellee.

Before COLEMAN and GODBOLD, Circuit Judges, and SCOTT, District Judge.

COLEMAN, Circuit Judge:

Pursuant to a jury verdict in response to special interrogatories, Dr. Allen L. Lasiter obtained judgment for the recovery of disability benefits from the Washington National Insurance Company. The jury found that Dr. Lasiter had suffered total disability for sixty months. We affirm.

On August 15, 1964, in a power saw accident, Dr. Lasiter, a practicing dentist, suffered the loss of the thumb and the forefinger of his left hand. At the time, he had a disability insurance policy with the insurance company which provided:

"If injury shall· totally and continuously disable the insured so as to prevent him from performing every duty pertaining to his occupation * * *"

he would be entitled to payment of total disability benefits for up to sixty months.

Dr. Lasiter was confined to a hospital from August 15, 1964, to August 25, 1964. Surgery was again performed on June 30, 1965.

Washington National paid benefits for the period of August 15–November 2, 1964, and June 30–July 12, 1965. It made no other payments, claiming that Dr. Lasiter was no longer totally disabled.

Dr. Lasiter returned to work on November 2, 1964. Because of the loss of his left thumb and forefinger, he experienced difficulty in holding instruments with that hand. He was forced to cease the practice of children's dentistry, gold inlay work, crown work, gum and bone work, root canal therapy and fixed bridge work. Furthermore, he was unable to do certain extractions and to anesthetize certain segments of the dental arch. He found that the remaining work he could perform took somewhat longer than before the accident. He continued, with these handicaps, to prac-

tice for more than two years. He then accepted a teaching position at Bee County Junior College, Beeville, Texas. He is still employed at the college.

The defendant was ordered to make the following payments: (1) monthly indemnity payments for sixty months (at $300 a month), including 6% interest per annum to be added to all past due payments; (2) statutory penalty of 12% per annum for all past due payments, including 6% to be added to the statutory penalty, from the date of judgment until paid; and (3) attorney's fees in the amount of $4,000, plus 6% interest from the date of the judgment.

## I

■ The company complains of the instructions given the jury as to the definition of total disability. The policy obligated the company to pay if the injury sustained by the insured "shall totally and continuously disable the Insured so as to prevent him from performing every duty pertaining to his occupation".

In explaining the term "total disability" to the jury, the Court instructed as follows:

"Total disability, as that term is used in the policy of insurance, is necessarily a relative matter and must depend chiefly upon the peculiar circumstances of each case and on the nature of the occupation or employment and the capabilities of the person injured. This does not mean absolute physical inability on the part of Allen L. Lasiter to perform any of the duties pertaining to his occupation of dentistry. You are instructed that total disability within the meaning of the policy exists if the injuries sustained by Dr. Lasiter prevent him from substantially performing every essential operation necessary to the performance of his occupation of dentistry."

Appellant contends that the policy should be construed to read: "if injury shall totally and continuously disable the insured so as to prevent him from sub-

stantially performing each one of all the material duties * * *."

The instruction given the jury was substantially in accordance with the definition placed on the term "total disability" by the Texas courts. See Continental Casualty Company v. King, Tex.Civ.App.1967, 423 S.W.2d 395; Occidental Life Insurance Company of California v. Duncan, Tex.Civ.App.1966, 404 S.W.2d 52; and Commonwealth Bonding and Casualty Insurance Company v. Bryant, 113 Tex. 21, 240 S.W. 893 (1922).

In *Duncan*, supra, at 56, the Texas Court of Civil Appeals approved the following instruction:

"Disability shall be deemed to be total whenever an individual becomes disabled as the result of injury or disease so as to be wholly unable to engage in any occupation and to perform any work for compensation or profit.

"*[I]t does not mean, however, an absolute physical inability to perform any of the duties pertaining to his occupation; but total disability, * * * exists if such disability prevents the individual from substantially performing every essential operation necessary to the performance of his occupation.*" [Emphasis added].

The appellant's real argument, it would seem, is that the facts here do not support a finding of total disability. Yet it nowhere claims that the jury's verdict is clearly erroneous. Instead, it argues that the legal principles applied to the facts were erroneous. However, in view of the interpretation placed on the term "total disability" by the Texas courts we must hold that the instruction was not erroneous.

## II

■ The company concedes that if it is liable, it must take indemnity payments for all months from the time of the injury until the trial, and must pay the 12% statutory penalty, as provided in Article 3.62 of the Insurance Code of Texas. It claims, however, that the Court erred in ordering it to pay inter-

est on these amounts. In view of the recent Texas decisions approving the payment of interest tacked on to the penalty interest and past due installments, we disagree. Republic National Life Insurance v. Beard, Tex.Civ.App.1966, 400 S. W.2d 853, 859, (interest tacked on to the statutory penalty); Prudential Insurance Company of America v. Tate, 162 Tex. 369, 347 S.W.2d 556 (1961), (interest on past due disability payments).

### III

The company insists that the Court erred in the admission into evidence of about eight items of correspondence between the parties as to the nature of the injuries sustained by the appellee and the liability or non-liability of the company.

■ The letters from the doctor to the company generally concerned the extent of his disability and consisted of inquiries as to the steps the defendant would take to make payments. It is settled in Texas that "communications between parties, germane to the issues pleaded and raised, are always admissible." Joy v. Peacock, Tex.Civ.App.1939, 131 S.W.2d 1012, 1019; see, also, American Motorists Insurance Company v. Williams, Tex.Civ.App.1965, 395 S.W.2d 392. (Plaintiff could admit letters from his attorney to defendant.) We find these letters to have been germane and admissible, since they dealt with the primary issue of the case, i.e., whether Lasiter was totally disabled within the terms of the policy. Moreover, admissions by a party are admissible as an exception to the hearsay rule. See Hartford Accident & Indemnity Company v. McCardell, 369 S.W.2d 331 (Texas, 1963). Similarly, statements of agents, if made within the scope of their authority, are binding on their principals. Southland Corporation of Texas v. Doss, Tex.Civ.App.1966, 408 S.W.2d 557. As was said in West Texas Produce Company v. Wilson (Supreme Court adopted) 120 Tex. 35, 34 S.W.2d 827, 829:

"[T]he declarations made by an officer or agent of a corporation, in response to timely inquiries, properly addressed to him and relating to matters under his charge, in respect to which he is authorized in the usual course of business to give information, may be given in evidence against the corporation * * *". [Citation omitted.]

However, a limitation upon that rule is that a declaration by a party is admissible only if it is one of fact. A mere statement of opinion, Weingarten, Inc. v. Reagan, Tex.Civ.App.1963, 366 S.W.2d 879, or conclusion of law, National Union Fire Insurance Company of Pittsburgh v. Richards, Tex.Civ.App. 1927, 290 S.W. 912, is not admissible.

■ The last two letters which were written by the company primarily contained assertions by the company's agents as to the legal interpretations to be placed on the policy. As such, they were mere conclusions of law and should not have been admitted. Nevertheless, these letters were not at all inconsistent with the legal position taken by the company on the trial of the case. Thus, the error was harmless because the letters bolstered the company defense rather than assailing it.

### IV

■ Appellant complains of the introduction of certain photographs into evidence. These photographs, admitted during the testimony of Dr. Lasiter, demonstrated various methods of performing dental work with all fingers of both hands. When they were introduced, the Court instructed the jury that they were admitted only to aid Dr. Lasiter in his testimony, in order that they could see what he was trying to explain by his oral testimony. The jury was also told that the photographs did not demonstrate the only techniques used by dentists, but were simply illustrations of what some dentists did. The Court, in the charge to the jury, again instructed the jury as to the limited function of the photographs.

Limited as such, there was no error in their admission.

Finally, appellant objects to the Court's order that it make monthly disability payments until August, 1969. As was pointed out in Prudential Insurance Company of America v. Tate, supra, the provisions of the insurance contract govern the payment of future installments. The policy in question provided for disability payments up to sixty months. The jury found that the total disability would continue for a period of sixty months. There was substantial evidence to support the finding.

Affirmed.