**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**Shadrack LOVILLE, Appellee.**

**No. 15820.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 20, 1972.

Vinson, Elkins, Searls & Smith; Raybourne Thompson, Jr., Susan Lewis, Houston, for appellant.

Helm, Jones & Pletcher; George E. Pletcher, Houston, for appellee.

PEDEN, Justice.

Suit brought by the insured against the insurer for monthly disability payments under an accident policy. After a non-jury trial insurer appeals from judgment of the trial court awarding insured benefits for total disability from December 1, 1968 until May 1, 1971 plus attorney's fees and a penalty of 12%.

The insured's petition contained allegations that he was totally disabled when accidentally injured on November 17, 1959 and that the insurer paid the $100 per month benefits provided in the policy from then until December, 1968, when it arbitrarily and capriciously terminated them.

In the insurer's answer it denied that the insured was still wholly and continuously disabled by injuries received on November 17, 1959 from performing each and every duty pertaining to any business or occupation and denied that the loss as defined in the policy resulted directly and independently of all other causes from bodily injuries sustained while the policy was in force and that such injuries were effected solely through accidental means.

After trial on the merits, the trial judge made the following pertinent findings of fact:

1. "Shadrick Loville, the plaintiff in the captioned cause, purchased from the defendant's predecessor an accident policy, No. 9241904, on or about October 21, 1952 and the premiums on such policy were paid by the plaintiff until the time of the commencement of his total disability."

2. "Plaintiff, Shadrick Loville, was injured on November 17, 1959."

3. "As a result of the injuries suffered on November 17, 1959 plaintiff became totally disabled in the exercise of ordinary care to perform every material

duty pertaining to any occupation for which he was reasonably suited by training, education or experience."

4. "The plaintiff's disability during December, 1968 and each month thereafter to the date of trial continues to substantially disable him, in the exercise of ordinary care, from performing every material duty pertaining to any occupation for which he is suited by training, education or experience."

5. "The plaintiff, Shadrick Loville's disability to perform every material duty pertaining to any occupation for which he is suited by training, education or experience, in the exercise of ordinary care, was caused by the injuries suffered by him on November 17, 1959."

The appellant's first point of error is that the trial court erred in refusing to make further findings of fact on the cause of the plaintiff's disability from December 1968 until the time of trial.

The additional findings which the trial court declined to make were:

1. "Whether or not Shadrick Loville's disability since 1968 has been due to a combination of his injury to his right foot and his advanced age."

2. "Whether or not if it were not for Shadrick Loville's advanced age, he would not be substantially disabled in the exercise of ordinary care to perform every material duty pertaining to any occupation for which he is suited by training, education or experience, since December, 1968."

3. "Whether or not Mr. Loville is presently physically able to perform work for which he is suited by training, education or experience except that his chronological age makes him unable to obtain employment."

4. "Whether or not Mr. Loville's age presently prevents him from obtaining an occupation for which he is suited by training, education or experience."

5. "Whether or not Mr. Loville would presently be able to obtain employment for which he is suited by training, education and experience with his present degree of physical recovery if he were a younger man chronologically."

6. "Whether or not Mr. Loville's total disability since December, 1968 has been due in part to his chronological age and in part to the disability of his right foot."

7. "Whether or not, if it were not for Mr. Loville's advanced chronological age, he would since December, 1968 have been able to obtain employment for which he is suited by training, education or experience with the disability in his right foot."

8. "Whether or not Mr. Loville has been physically capable of obtaining and retaining employment for which he is reasonably suited by training, education and experience since December, 1968, but he is unable to obtain any such employment because of his advanced age."

9. "Mr. Loville's physical disability alone does not prevent him from engaging in an occupation for which he is suited by training, education or experience."

The insurance policy in question stated that it insured the appellee against "loss . . . resulting directly and independently of all other causes from bodily injuries . . . effected solely through accidental means (herein called such injuries; . . . Subject to the limitations, provisions and conditions, as follows:

"Article 1. (here the policy listed indemnities to be paid in the event of certain specific losses).

. . . . . .

"Article 3. If such injuries shall not result in loss for which indemnity is payable under Article 1 but shall . . . wholly and continuously disable the Insured and prevent him from performing

every duty pertaining to his business or occupation . . ." [monthly indemnity will be paid] ". . . as long as the Insured shall be wholly and continuously disabled and prevented by such injuries from performing every duty pertaining to any business or occupation."

█ An insurance policy which obligates the insurer to pay a weekly indemnity if the insured sustained bodily injuries through external, violent and accidental means, which should immediately, continuously and "wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation," is to be interpreted to promise indemnity if the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation. Commonwealth Bonding & Casualty Ins. Co. v. Bryant, 113 Tex. 21, 240 S.W. 893 (1922); John Hancock Mutual Life Insurance Co. v. Cooper, 386 S.W.2d 208 (Tex.Civ.App. 1965, no writ); Prudential Insurance Co. of America v. Tate, 162 Tex. 369, 347 S. W.2d 556 (1961); Great Southern Life Ins. Co. v. Johnson, 25 S.W.2d 1093 (Tex. Com.App.1930, holding approved).

Although there was no question that the insured was disabled from 1959 through 1968, the evidence presented two conflicting theories as to why he has since been unable to work. A doctor who had examined the insured for the Railroad Retirement Board testified that the bones in the insured's right foot, which were badly crushed in the 1959 accident, had not reunited in 1968, but that in 1969 they had healed; that Loville has a twenty to twenty-five percent disability to his foot at the time of the trial, that he has the physical capacity to resume his former work as a switchman but that he could not do so because the railroad would not want him because of his advanced age of 73. Loville testified that his foot, which he exhibited to the trial judge, remains swollen, and

gets painful and more swollen when he is on it for as long as an hour, so he is physically unable to work as a switchman or in any other job that he knows of.

The trial judge's findings of fact show that he accepted the insured's evidence. Such findings meet the requirement of Rules 296 and 298, Texas Rules of Civil Procedure, that the trial court make findings concerning the ultimate and controlling issues of fact raised by the pleadings. When the trial court's third, fourth and fifth findings are considered together they state that the insured's total disability to perform every material duty pertaining to any occupation for which he is reasonably suited *was caused* by the injuries he suffered on November 17, 1959, and that the disability from which he suffered during December, 1968 and each month thereafter, continues to the date of trial. (emphasis added)

The requested additional findings of fact are either evidentiary or amount to requests for findings in conflict with findings already made by the trial court.

█ Appellant's other point of error is that the trial court erred in awarding benefits for the months of April and May, 1971 when there was no evidence bearing on the insured's condition during those two months between the date of trial and the entry of judgment.

We sustain this point. The record contains no evidence as to whether the insured would, in reasonable probability, be disabled subsequent to trial, and the trial court's finding of fact (#4) covered only the time to the date of trial.

The judgment of the trial court is accordingly reformed to reduce the appellee's recovery of past due accrued benefits under the policy by Two Hundred Dollars and to reduce the penalty recovery by Twenty-Four Dollars. As thus reformed, the judgment is affirmed.