**MR. W. FIREWORKS, INC., Appellant,**

v.

**David MITCHELL, Appellee.**

**No. 5599.**

Court of Civil Appeals of Texas, Eastland.

April 9, 1981.

Rehearing Denied May 14, 1981.

Benjamin F. Walker, San Antonio, for appellant.

Andrew Cline, Bayne, Snell & Krause, San Antonio, for appellee.

RALEIGH BROWN, Justice.

David Mitchell seeks to recover from Mr. W. Fireworks, Inc., payment for personal services rendered and attorney's fees under Tex.Rev.Civ.Stat.Ann. 2226 (Vernon 1971). Fireworks sought as an off-set to such recovery the value of a lost portable electric generator. Judgment, based on a jury verdict, was entered awarding Mitchell the sum of $1,043.30 for services rendered plus $5,760 for attorney's fees with the provision that such fees be credited with $600 in the event no application for writ of error to the Supreme Court is made and credited with $2,400 in the event no appeal to the Court of Civil Appeals is prosecuted. Mr. W. Fireworks, Inc. appeals. We reform and affirm.

Fireworks is a Texas corporation primarily engaged in the retail sale of fireworks during times when such sales are legal. Mitchell verbally agreed with Fireworks to manage and operate a fireworks stand for which services he seeks payment. A portable electric generator was rented by Fireworks and delivered to the stand to provide electricity. At the end of the season this generator was lost, stolen or missing. The primary dispute between the parties is the liability, if any, Mitchell had for the generator.

Fireworks argues that the trial court erred in allowing judgment for attorney's fees in excess of the amount alleged in Mitchell's pleadings.

In paragraph IV of his original petition, upon which, the case went to trial, Mitchell sought to recover attorney's fees from Fireworks for "a reasonable fee in the amount of $750.00." In a trial amendment, Mitchell sought "reasonable attorney's fees."

Although the alleged trial amendment does not refer specifically to any paragraph of the original pleading it seeks to amend, we conclude it refers to paragraph IV of Mitchell's original petition. However, the alleged amendment does not seek to strike the reference to what reasonable attorney's fees would be. The new allegation does not set forth any matter to be added to, substituted for, or taken from the pleading being amended. We conclude, therefore, that the trial amendment was merely cumulative of the original petition and any judgment awarding reasonable attorney's fees in excess of $750.00 would be error.

The court in *Richardson v. First National Life Insurance Company*, 419 S.W.2d 836 (Tex.1967) said:

> The rule of law seems to be well settled in this state that, if plaintiff pleads generally a state of facts, and goes further and pleads specifically and particularly on the same subject, he cannot rely upon the general allegations, but is confined in his recovery to those specifically and particularly pleaded. Specific allegations will control those of a general character.

A judgment for money damages in excess of the amount pleaded for is erroneous. *Socony-Vacuum Oil Co. v. Aderhold*, 150 Tex. 292, 240 S.W.2d 751 (1951); *Thate v. Texas & Pacific Railway Co.*, 595 S.W.2d 591 (Tex.Civ.App.—Dallas 1980, no writ); *Longoria v. Atlantic Gulf Enterprises, Inc.*, 572 S.W.2d 71 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); Tex.R. Civ.P. 301.

The trial court's judgment as to the award of attorney's fees will be reformed to award $750.00 as attorney's fees. Therefore, it is unnecessary to consider Fire-

works' contentions that the judgment is void because it awarded an amount of money in excess of $5,000 and it was improper because the award of attorney's fees on appeal were not conditioned on being successful.

Fireworks urges that the trial court erred in refusing to submit to the jury their requested special issues which inquire as follows:

(1) Was there an agreement between Mitchell and Fireworks, that Mitchell would have possession of the generator and would exercise a reasonable degree of care as to the security of the generator while in his possession.

(2) Did Mitchell know or should have known that if he left the generator unattended it would probably become lost or stolen and

(3) Whether Mitchell's leaving the generator unattended at the fireworks stand constituted negligence and that negligence was the proximate cause of the generator being stolen or lost.

■ In its counterclaim, Fireworks alleged that there was an agreement between the parties that the generator was to be returned to it after the close of the season on July 5, 1978. Therefore, the controlling issue was whether such an agreement existed.

Tex.R.Civ.P. 279 provides in part:

When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence, and . . . . Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue. . . .

The court in *Fidelity & Casualty Company of New York v. Jefferies*, 545 S.W.2d 881 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.) said:

A "controlling issue" is synonymous with "ultimate fact or issue" and has been defined as one essential to the right of

action or matter of defense. *Wichita Falls & Oklahoma Railroad Company v. Pepper*, 134 Tex. 360, 135 S.W.2d 79 (1940). . . .

In the case at bar, the court submitted and the jury found:

Do you find from a preponderance of the evidence that there was an agreement between Mr. W. Fireworks, Inc., and David Mitchell that after the close of the fireworks season David Mitchell would either deliver the generator to the warehouse of Mr. W. Fireworks, Inc., or notify Mr. W. Fireworks, Inc., that he did not have the facilities to deliver it to them?

Answer:    We do not

■ We hold that the trial court has fairly submitted the controlling issue raised by the pleading of Fireworks' counterclaim. The cause will not be reversed because of a failure to submit other and various phases of the same issue. *Prudential Insurance Company of America v. Tate*, 162 Tex. 369, 347 S.W.2d 556 (1961); *American Transfer and Storage Company v. Reichley*, 560 S.W.2d 196 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.).

■ Fireworks, in three points of error, contends that the jury's finding that the sum of $1,043.30 was owed by it to Mitchell under the terms of their agreement, excluding any consideration of the loss of the generator, was factually and legally insufficient. In passing on the no evidence point, we must determine if there is some evidence to support the finding. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974). In passing on factually insufficient evidence points, we must examine the entire record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Mitchell testified in part as follows:

Q  With reference to how much money you were going to make on a commission basis, what was your agreement with reference to that?

A  With the percentage of the commission?

Q  Yes, sir.

A Fifteen percent of the total sales, minus four percent for tax.

\* \* \* \* \* \*

Q All right, so, based on your arithmetic, then, a fifteen percent commission, based on gross sales, minus sales tax, would be $1,043.30?

A And thirty cents, yes, sir.

We overrule Fireworks' evidentiary challenges.

Fireworks' last three points of error are evidentiary challenges to the jury's finding regarding the value of the generator. In view of our other holdings, it will not be necessary to consider such points of error. We have considered and overruled all other points of error, except the matter of attorney's fees.

The judgment is reformed to award $750.00 attorney's fees and as reformed affirmed.