# JOSEPH BARTON, Appellant, v. CITY OF ODESSA, Respondent.

### Kansas City Court of Appeals, November 7, 1904.

1. **TRIAL PRACTICE: Election of Counts: Admission of Evidence.** There were seven counts in the petition. The court overruled a motion to compel plaintiff to elect on which count he would go to trial, and the trial court refused to admit evidence on five of the counts but admitted evidence on the other two, each of which stated a cause of action. *Held*, the action on the admission of evidence was just as effective as a sustaining of the motion to elect would have been.

2. **INSTRUCTION: Submitting Mixed Questions of Law and Fact: City Ordinances.** An instruction informed the jury that certain ordinances were binding upon defendant and then left the jury to apply the ordinances without any further direction from the court. The court should as a matter of law have construed the ordinances for the jury.

3. **————: Goods Furnished: Compulsion: Request.** An instruction that if defendant compelled plaintiff to furnish certain goods and that if plaintiff furnished them at the request of defendant, then defendant is liable, though somewhat contradictory, is harmless.

4. **DAMAGES: Measure of: Excessive: Verdict.** Where a hotel was siezed and quarantined by a city and the keeper required to feed the inmates he is not entitled to enhanced prices for stores furnished, unless there is evidence of an increase in the market price.

5. **MUNICIPAL CORPORATIONS: Quarantine Rights: Damages: Action.** The right of cities to quarantine does not include the right to sieze private property without compensation, and an action will lie for seizing a hotel and converting it into a pest-house.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Clarence Vivion* and *Alexander Graves* for appellant.

(1) We submit that the first and seventh counts were perfect and the motion was correctly overruled. Bank v. Lexington, 74 Mo. 104; Gas Co. v. St. Louis, 86 Mo. 498. However, we submit that both counts are good. (2) Instruction 1 was correct. These ordinances were pleaded in terms in the petition and specifically admitted in the answer. It was certainly the duty of the court to construe the pleadings by an instruction to the jury as to what was specially admitted by the answer. This is too well settled to need citations. A few will suffice: Evans v. Foreman, 60 Mo. 453; Dassler v. Wisley, 32 Mo. 498; Coal & Oil Co. v. Railway, 35 Mo. 84. (3) Instruction 3 was correctly given and was fully supported by the evidence. (4) Instruction 4 was correct and is fully sustained by the doctrine announced and the instruction approved by the Supreme Court in Dooley v. Kansas City, 82 Mo. 444; Art. 2, sec. 21, Const.; see also Safford v. Board of Health of Detroit, 33 L. An. Rep. 300 *et seq.*

*William H. Chiles* and *J. S. Blackwell & Son* for respondent.

(1) The petition not being abstracted so as to show the seven counts it contained and their contents, and the motion to elect not being abstracted, nor for that matter included in the bill of exceptions, this court can not determine whether the action of the court below in setting aside its action on that motion was error or not and, in the absence of a showing to the contrary, this court will be obliged to affirm the action of the circuit court. Coy v. Robinson, 20 Mo. App. 462; Scott v. Howard, 41 Mo. App. 488; Hermann v. Daily, 74 Mo. App. 506; Brand v. Cannon, 118 Mo. 598. (2) There are several objections to instruction 1, given in

behalf of appellant.   It tells the jury that it is admitted that certain provisions of the city ordinances specifying them had been duly passed, etc., yet the substance of all these admissions are propositions of law in this case and not of fact and should not have been given without application to the facts of the case, just as any other law, and such instructions are abstract propositions and are misleading and error.   Kendall Co. v. Bain, 46 Mo. App. 590; Leser v. Railroad, 85 Mo. App. 326; Albert v. Besel, 88 Mo. 150; Carroll v. Campbell, 110 Mo. 571; Woods v. Campbell, 110 Mo. 356; Wright v. Fonda, 44 Mo. App. 643; Houpper v. Hotel Co., 142 Mo. 387.   (3)   Instruction 3 given for appellant is erroneous because there was no evidence whatever that "the plaintiff was compelled to and did furnish food and lodging, etc."   11 Greenleaf on Evidence (5 Ed.), sec. 27; Culberson v. Railway, 50 Mo. App. 563. (4)   Instruction 4 given for appellant is also erroneous for many reasons. State ex rel. v. Schweickhardt, 109 Mo. 512; State ex rel. v. Bersch, 83 Mo. App. 668; Farrenbach v. Turner, 86 Mo. 416; 2 Smith (Beach) Municipal Corp. (1903), secs. 1052-1058 and notes. The defendant in this matter committed no legal wrong, though it may have damaged appellant, and the law affords no remedy.   Land & Gravel Co. v. Commission Co., 138 Mo. 445; Sedgwick on Damages (6 Ed.), p. 28; 1 Beach on Public Corp., sec. 749; St. Louis v. McCoy, 18 Mo. 238; St. Louis v. Boffinger, 19 Mo. 13.

BROADDUS, J.—The facts of the case, generally speaking, were as follows:   On and prior to March 23, 1903, the plaintiff was engaged in the business of keeping a hotel in Odessa, a city of the fourth class in said Lafayette county; that said defendant city at said time by its charter and under the laws of the State was authorized to and did pass ordinances regulating quarantine for contagious diseases; that it was the duty of defendant to provide a necessary and suitable place

within its limits for the use of persons infected with such contagious diseases, including that of smallpox; that on said day aforesaid while plaintiff was conducting his said business in defendant city at what was known as the "Myrtle" hotel one of the guests thereof became infected with the smallpox, a contagious disease. When the fact was discovered that an occupant of the hotel was ill with smallpox, the proper city authorities instead of removing the sick person from the hotel—it being, on account of his critical condition, unsafe to him to do so—quarantined the hotel itself, it being then occupied by plaintiff and family, several guests and plaintiff's employees. The defendant city kept control of the hotel for several weeks, at the expiration of which no other cases of smallpox having developed the house was fumigated and plaintiff resumed his business.

The plaintiff's petition contained seven counts. He was permitted to recover on the first and seventh. In the first count he seeks to recover the value of food and lodging furnished the guests, the sick man, the nurses and employees he alleges he was forced to furnish at the request of the defendant.

The seventh count of the petition is a claim for damages in the sum of $1,000 which he alleges he sustained in consequence of defendant's action in seizing and holding possession of his said hotel.

Defendant answered by general denial and further that the city authorities acted in good faith and that plaintiff agreed to furnish board and lodging to the inmates (other than those of his family), to the sick man and nurses in said hotel at a specified rate which, in the total, amounted to only $54.57, which it tendered to the plaintiff. And defendant further alleged that it had agreed with plaintiff to pay him the sum of $12.50 for certain property belonging to him which was destroyed during the occupancy by defendant of said hotel as a quarantine station. There are other general

allegations in the answer which, for the purposes of the present inquiry, are not material.

The remaining counts of the petition are not in issue as the appeal was taken from the action of the court in setting aside the finding and judgment in favor of plaintiff on the first and seventh counts. The jury rendered a verdict for the plaintiff on the first count for $125 and on the seventh for $200. The court sustained defendant's motion for new trial on the following grounds:

First. Because the court erred in overruling the defendant's motion to compel the plaintiff to elect upon which count of the petition he would proceed to trial.

Second. Because the court erred in giving instructions numbered one, three and four for plaintiff.

Third. Because the verdict upon the first count is excessive.

Notwithstanding the court overruled defendant's motion to compel plaintiff to elect upon which count he would proceed to trial, yet at the commencement thereof it confined plaintiff to proof of the allegations of his first and seventh count, which action was just as effective as it would have been had defendant's motion been sustained; because in the two latter plaintiff stated two different causes of action upon both of which he was entitled to recover upon sufficient proof as will hereafter appear. It was therefore clearly error to set aside the verdict and judgment for the cause assigned that error was committed by the court in failing to sustain defendant's motion to compel plaintiff to elect upon which count he would proceed.

Instructions one and three found by the court to be erroneous are as follows:

1.  "The court instructs the jury that under the answer it is admitted that defendant was on the twenty-second day of March, 1903, and now is a city of the fourth class and a municipal corporation, and that it as such passed, published and approved the two sec-

tions of ordinances as follows: 'Article 1, chapter No. 5, section 17: The mayor shall have power, by proclamation, to restrain any and all persons who may be infected with smallpox, or other infectious or contagious disease, from going at large, or from leaving the house in which such person may live or be found, until the board of health shall deem it safe to discharge such person or persons from such restraint, and if the person or persons infected therewith shall be found to be transient or indigent, it shall be the duty of the mayor to order such person or persons taken to some retired accessible place within the city until such person or persons shall have fully recovered from such contagion; and to do, perform and require done and performed, any and all things required by ordinance, for the protection and preservation of the health of the city.' Also, 'Article 2, of chapter No. 5, section 4: The city physician shall, with the mayor and marshal, constitute the board of health of the city of Odessa; that said board shall perform all duties required under the chapter of nuisances, and other special duties as may be required by the board of aldermen.' Which said ordinances are binding on the defendant city."

3. "The court further instructs the jury that if you believe and find from the evidence, that plaintiff was compelled to and did furnish food and lodging at his said hotel, for the persons therein quartered and quarantined by defendant, for the use, benefit and at the request of defendant, then you will find for the plaintiff the reasonable value therefor, as may have been shown by the evidence, not to exceed the sum of $150 on the first count of the petition."

The objection to said first instruction is that it submits questions of law to the jury without any application to the facts of the case, which was misleading. In Kendall Boot & Shoe Co. v. Bain, 46 Mo. App. 590, it was held improper to submit a mixed question of law

and fact to the jury. The proper province of an instruction is to submit questions of fact, not propositions of law. Albert v. Besel, 88 Mo. 150. It is also the law that a party to a suit has the right to demand that the jury be instructed what the parties had admitted of record. Evans v. Foreman, 60 Mo. 453. But the case has reference to admitted facts and not as to admissions of law. The purport of the instruction is that the jury were told that certain ordinances of the city prescribing the powers and duties of the city officers and agents were binding upon defendant. The objection to this instruction is that it left to the jury to apply these ordinances, which contained the law of the city, in their own way without any direction from the court. It may have been a question of fact whether such ordinances were in force, but that fact having been admitted by defendant's answer their application became a matter of law solely for the construction of the court.

One of the objections raised by the respondent is that there was evidence tending to show that plaintiff was compelled to furnish food and lodging at his hotel for the persons therein quarantined. The language of the instruction that if he was so compelled and that he furnished them at the request of defendant, is somewhat contradictory. For if he was compelled he did not act upon request. But we can not see what difference it could make as defendant would be liable in either case.

But the court found that the verdict on said first count was excessive. And the evidence we think shows that the amount is more than double that ordinarily charged for similar service as said place. It does not appear that there was a necessity for any additional charge for food and lodging under the circumstance as there was no proof that the price of food or the value of service in preparing it, or demand for lodging had increased during the quarantine. It was a matter which plaintiff might have remedied by a remittitur,

but he failed to avail himself of the privilege, and it can not be said that the court committed error in not compelling a remittitur of the excess.

We fail to see wherein there was any error in instruction number four, directed to the seventh count of the petition. However, defendant contends that under section 5961, Revised Statutes 1899 it had the right to seize upon plaintiff's hotel for quarantine purposes and that his claim for injuries sustained in consequence of such seizure was *dammum absque injuria*. Said section confers this power: " . . . to make regulations and pass ordinances for the prevention of or the introduction of contagious diseases in the city and for the abatement of the same, and may make quarantine laws and enforce the same within five miles of the city . . . make regulations to secure the general health of the city and to prevent and remove nuisances." Defendant cites in support of its contention Sedgwick on Damages, p. 28; Land Co. v. Com. Co., 138 Mo. 439; 2 Beach on Municipal Corp., secs. 1052-58; 1 Beach on Pub. Corp., sec. 749. Without entering into any discussion of the principle stated in these authorities, it is sufficient to say that they do not apply to this case. But on the contrary, the case falls within the rule applied in Dooley v. Kansas City, 82 Mo. 444, in which the court held: "Where a city which is authorized by its charter to purchase property beyond its limits for a pesthouse, seize property for that purpose without the consent of the owner it is liable in damages for the trespass." The right of cities under the law to quarantine against infectious disease does not include the right to seize private property without compensation; and as said seventh count is for damages sustained by reason of the seizure and use of plaintiff's hotel without such compensation, it states a good cause of action.

The briefs and arguments of the respective parties covered a wide field, but we have confined our investi-

gation to the most vital points in issue deeming it prof-
itless to do more. For the reasons given the cause is
affirmed. All concur.