EASY LIVING MOBILE MANOR, INC., a
corporation, Plaintiff-Appellant,

v.

EUREKA FIRE PROTECTION DISTRICT,
Defendant-Respondent.

No. 35397.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 9, 1974.

Motion for Rehearing or Transfer to Supreme Court Denied Sept. 11, 1974.

Shaw & Howlett, Charles M. Shaw, Clayton, for plaintiff-appellant.

Paul Taub, Dist. Legal Officer, Overland, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by plaintiff, Easy Living Mobile Manor, Inc., a corporation, from a judgment entered by the Circuit Court of St. Louis County, Missouri, wherein the court dismissed its petition and awarded judgment to defendant, Eureka Fire Protection District, a public corporation, on its counterclaim (1) for payment of $370.00 in fees; and (2) for an injunction requiring plaintiff to conform to defendant's ordinance for the fire district.

Plaintiff claims that the court erred (1) by its interpretation of structure; and (2) by its granting of defendant's motion for summary judgment. We find that judgment of the trial court was proper, and accordingly affirm.

Plaintiff is a corporation which owns and operates a trailer park in the City of Times Beach, St. Louis County, Missouri, within the area of defendant, Eureka Fire Protection District. Primarily, plaintiff rents trailer concrete pads within the trailer court to the public to be used for the parking of trailers and mobile homes.

Defendant is a duly organized Fire Protection District under Chapter 321, RSMo 1969, V.A.M.S., and by provisions of that Chapter, is a subdivision of the State of Missouri given authority to enact ordinances for fire prevention and fire protection. Pursuant thereto defendant enacted Ordinance No. 1, known as "The Fire Code," wherein, by § 2.2 thereof, it is provided that the fire marshal shall inspect every new building or structure within the district and by § 2.4 thereof, it is provided that no person shall construct any structure, or any part thereof, unless on payment of the inspection fees provided in the fee schedule. Ordinance No. 3, which amends Ordinance No. 1, provides in § 9.-11, among other things, that no changed or replacement trailer or mobile home may be placed upon any pad within the trailer court without prior personal or written notice to the fire marshal.

Because plaintiff believed that concrete pads are not structures within the meaning of § 2.2 of Ordinance No. 1, it refused to pay the inspection fee. In support of its beliefs, plaintiff filed a petition for an injunction and declaratory judgment in two Counts: Count I requested a declaration of its rights, obligations, and duties under Ordinance No. 1, as amended by Ordinance No. 3; Count II prayed for the court to declare concrete pads not to be structures within the meaning of the ordinance, and to enjoin defendant from collecting inspection fees. Voluntarily plaintiff dismissed Count I of its petition.

Defendant filed a counterclaim for its inspection fees and subsequently filed a motion for summary judgment on both its petition for fees and Count II of plaintiff's petition. Summary judgment was granted by the court. On plaintiff's request for a jury trial, the jury returned its advisory verdict to the court in favor of defendant on its counterclaim and against plaintiff in the sum of $370.00.

In the court findings of fact and conclusions of law, the order for summary judgment was specifically labeled "in part"; the fact question of fees was held open for a further determination. Rule 74.04(c), V.A.M.R. Even plaintiff in its brief concedes that the order for summary judgment was proper if, but only if, the interpretation of the ordinance was a question of law.

The court's order for summary judgment was based upon the admissions in the pleadings and answer to interrogatories. From the record we do not find any response by the plaintiff, sworn or unsworn, as to why summary judgment should not be granted.

■ Summary judgment, a drastic remedy, should be granted only where the prevailing party has shown by unassailable proof that he is entitled to the relief requested *as a matter of law*. Rule 74.04(h), V.A.M.R., 1974. The appellate court, as well as the trial court, must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. Cooper v. Finke, 376 S.W.2d 225, 228 (Mo.1969).

■ The basic dispute between the parties is whether or not concrete pads are structures as defined in the ordinance. Plaintiff contends that concrete pads are not structures because structures refers to buildings, and must be construed in the context in which it is based. In Ludwigs v. City of Kansas City, 487 S.W.2d 519 (Mo.1972), a case involving a question of the meaning of gross receipts, the court, citing with approval Gathright v. Pendegraft, 433 S.W.2d 299, 313 (Mo.1968) and Hogan v. Fleming, 317 Mo. 524, 297 S.W. 404, 412 (1927), held that the construction and meaning of an ordinance is a question of law for the court. See also Barton v. Odessa, 109 Mo.App. 76, 82 S.W. 1119 (1904). Citing Cure v. City of Jefferson, 380 S.W.2d 305 (Mo.1964), plaintiff asserts that the court must consider the surrounding circumstances along with interpretations of the ordinance. *Cure* is inapposite, because it did not involve the construction of an ordinance, but related to a building contract between private parties, not to an ordinance having the effect of law. Inasmuch as plaintiff's pleading admits the enaction of the ordinance and defendant's authority to enact ,it; that it owns land within defendant's fire district; that it has constructed pads for the placement of mobile homes and trailers and its refusal to pay the scheduled fees, we find no genuine issue of fact, except as to damages which are severable, and hold that summary judgment was properly granted.

■ A fire protection district is a political subdivision which is organized and empowered to supply protection by any available means to persons and property against injuries and damages from fire and hazards which do or may cause fire. § 321.010, RSMo 1969, V.A.M.S. The matter of affording fire protection for the safety of citizens comes properly within the police powers of the state. That the state may confer the exercise of police power upon a municipal corporation is unquestioned. Wellston Fire Protection Dist. v. State Bank & Trust Co., 282 S.W. 2d 171, 176 (Mo.App.1955). In the Wellston case the court said: " . . . All of which render inescapable the conclusion that the Legislature intended to, and did set up a complete plan for the primary purpose of preventing and combating fires and protection from the perils thereof within the confines and limits of such a district . . ." The court concluded that the police power is one to be exercised within wide limits of legislative discretion, and if a statute (here ordinance) appears to be within the apparent scope of this power, the courts will neither inquire into the wisdom of the grant of power nor substitute its discretion for that of the legislature. If plaintiff deems the exercise of the police power of the district to be improper or invalid because of an ordinance enacted thereunder, then it has the burden to show the unreasonableness of the regu-

lation. City of Springfield v. Mecum, 320 S.W.2d 742, 747 (Mo.App.1959). In other words, the presumption is always in favor of the reasonableness of a municipal ordinance, and every intendment is to be made in favor of reasonableness of the exercise of municipal power to make regulations pursuant to and in promotion of its police powers. Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 13 S.W.2d 628, 639 (1929). According to Vorhof Const. Co. v. Black Jack Fire Protection Dist., 454 S.W.2d 588, 595 (Mo.App.1970), the Bellerive case lays down the rule that the answer must be found in the purpose and object of the ordinance, and the dangers and hazards to society or humanity at large. Here, plaintiff's whole argument centers around its belief that concrete pads are not structures and in no way attempts to prove or demonstrate the unreasonableness of defendant's ordinances.

In Shafir v. Carroll, 309 Mo. 458, 274 S.W. 755, the court announced the policy that ordinances for the benefit and protection of the public should receive a liberal construction. So, in construing an ordinance, we must attempt to determine the meaning of words in the sense that they are used, Deal & Co. v. Kuhlmann, 244 S.W.2d 390, 393 (Mo.App.1951). In such a construction of words, it is the court's duty to uphold the legislative action, to ascertain the meaning and give full effect, even if there is a doubt as to construction. State ex rel. Doorack v. Lewis, 439 S.W.2d 541 (Mo.App.1969).

■ In the instant case we have police-power ordinances "to be exercised within wide limits of legislative discretion," subject to a presumption "always in favor of reasonableness," mandated that the court not substitute its judgment for that of the legislative body, and particular words are to receive a liberal construction. 83 C.J.S. p. 547 defines "structure" in this manner: "Primarily, 'structure' means a thing built, erected, or fabricated . . . as a building, a dam, or a bridge . . ." Yet, in its broadest and widest sense "structure" means any construction. And when the term is applied to a material thing made by human labor, it means something composed of parts or portions which have been put together by human exertion. Here, the concrete pads were built, fabricated, and constructed by the use of materials and labor, to put something permanently upon the land which had not been there before. "Structure" is not synonymous with building. It is broader, for example, in Deiner v. Sutermesiter, 266 Mo. 505, 178 S.W. 757 (1915) (cited by plaintiff), the court reviewed a number of cases from other jurisdictions, stating "the word 'structure' has been broadly construed," and listed cases including within "structure"—a waterworks system, a street railroad car, a canal, a fence, a mine, a ship, a telephone line, a railway, an aqueduct, and a bay window. In Greenberg v. Koslow, Mo. App., 475 S.W.2d 434, citing Corpus Juris Secundum, supra, held a swimming pool, a poured concrete affair, not unlike poured concrete pads, to be a structure.

If we accept plaintiff's argument that "structure" should be interpreted in the context used in the sense of buildings or structures which in some manner constitute a fire hazard or a fire potential, then we would be effectively substituting our judgment for the judgment of defendant's Board of Directors. This we refuse to do.

Defendant's authority to adopt ordinances extends to those measures not only to fight fires but also to prevent fires. Here, the fire marshal's testimony about fire planning makes it clear as to the fire prevention aspect of defendant's ordinances.

Accordingly, we find no error in the court's construction or interpretation of defendant's ordinance and the judgment, in all respects, is affirmed.

SMITH, P. J., and CLEMENS and GUNN, JJ., concur.