**DRAPER & KRAMER, INC., Plaintiff-Appellant,**

v.

**George P. MUELLER et al., constituting the Board of Adjustment of the City of Richmond Heights, Defendants-Respondents.**

**No. 41632.**

Missouri Court of Appeals, Eastern District, Division Two.

April 1, 1980.

Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for plaintiff-appellant.

George L. Fitzsimmons, Clayton, for defendants-respondents.

GUNN, Presiding Judge.

Appellant has appealed the trial court's affirmance of the Richmond Heights Board of Adjustment's denial of its application to install trash dumpsters in the yards of its apartment complex. For the reasons which follow we reverse and remand.

Appellant is the managing agent of the Manhassett Village apartment complex in Richmond Heights. It filed application with the City's Building Commissioner for a permit to install eight movable trash dumpsters in the front yards of the complex, enclosed by fencing. The Building Commissioner denied the application on the basis of the fencing. Appellant sought relief from the Building Commissioner's decision to the Board of Adjustment which also denied the application.[1] Following proper administrative appeal procedures, *State ex rel. J. S. Alberici v. City of Fenton*, 576 S.W.2d 574 (Mo.App.1979), appellant petitioned the circuit court for writ of certiorari to review the Board of Adjustment proceedings. This effort for relief was unavailing, for after review the trial court upheld the Board of Adjustment, finding the Board's decision was supported by competent and substantial evidence.

Appellant's application was to place eight movable trash dumpsters on separate concrete pads, each enclosed within a five foot high pine fence. The Building Commissioner denied the application by written notification to appellant: ". . . I have denied your application for permit to erect (8) eight trash container *enclosures* . . . as being in violation of the front yard area as defined in . . . Ordinance ¶ 1685 as amended." (emphasis added)

Appellant contends that the basis for the Building Commissioner's decision was the fencing or enclosures surrounding the dumpsters and not the dumpsters or the concrete pads upon which they were to rest.[2] While the City on this appeal contends otherwise, the record belies its position and fully supports appellant. At the hearing before the Board of Adjustment the Building Commissioner related that the City's control did not extend to the dumpsters and that his denial of the application related only to the fencing enclosures:

Mr. Dill: [Building Commissioner] We have no jurisdiction over the trash containers themselves, but the definition of a violation of the zoning ordinance in the front area is a permanent structure.

Mr. Mueller: [Member of the Board] So all we're dealing with here is the fence for aesthetics reasons is, . . .

Mr. Dill: That's the basis on which I denied it, yes.

The Building Commissioner's quoted letter of denial also manifestly declares that his decision was based on the enclosures. Yet the zoning ordinance upon which the Building Commissioner relied for denying the application allows the five foot fences proposed by the appellant. Ordinance No. 1685 provides:

Every part of a required yard shall be open to the sky unobstructed. . . .

1. The vote of the Board of Adjustment was three-to-one to grant appellant's relief, but four affirmative votes were necessary.

2. A concrete pad is a structure subject to municipal regulation. *Easy Living Mobile Manor, Inc. v. Eureka Fire Protection Dist.*, 513 S.W.2d 736 (Mo.App.1974).

*This requirement shall not prevent the construction of fences not exceeding eight (8) feet in height* except on that portion of lots within thirty (30) feet of the intersection of two (2) or more streets. Zoning Ord. No. 1685, City of Richmond Heights, Mo., Art. XIII, § 8. (emphasis added)

Clearly, then, appellant's application was denied for the fencing, which under the ordinance was permitted and not within any proscription. Thus, the Board of Adjustment ruling was not supported by competent and substantial evidence on the whole record nor authorized by the law placed before us. *State ex rel. Church's Fried Chicken, Inc. v. Board of Adjustment of St. Louis,* 581 S.W.2d 861 (Mo.App.1979). Based on the record before us appellant's application was erroneously denied.

Reversed and remanded.

STEPHAN and PUDLOWSKI, JJ., concur.