**Edward SCHLETT and Marjorie Schlett, his wife, Plaintiffs-Respondents,**

v.

**ANTONIA FIRE PROTECTION DISTRICT, Oliver Stuckmeyer, Sherman Friedman, E.T. Asberry, L.J. Schnable, Ambrose Wingbermuehle, & Union Electric, Defendants-Appellants.**

**No. 48221.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 29, 1985.

Albert W. Dieffenbach, Hillsboro, for defendants-appellants.

Hale W. Brown, Kirkwood, for plaintiffs-respondents.

SMITH, Presiding Judge.

Appellants, the Antonia Fire Protection District, its directors, fire marshall and fire chief, appeal from a judgment enjoining them from enforcing an ordinance of the district against plaintiffs. We affirm.

The plaintiffs own a home within the fire protection district. Prior to building they obtained a building permit from the district which contained the language "fire hydrant required on Highway 21 across from this subdivision." Upon completion of the house plaintiffs obtained an occupancy permit from Jefferson County. They also sought an occupancy permit from the district which was refused unless plaintiffs installed at their expense a fire hydrant on property belonging to the local water company. Without an occupancy permit from the district Union Electric refused electrical service to the property. This refusal was mandated by an ordinance of the district precluding such service in the absence of a district occupancy permit. The position of Union Electric is essentially one of neutrality and it has not appealed from the injunction requiring it to provide electrical service.

The evidence established that the ordinances of the district prohibit construction of a *new* structure or addition to a structure in the absence of a plat showing the proposed location of new fire hydrants. This plat must be approved by the fire marshall. The nearest fire hydrant to plaintiffs' property is 900 feet which is 300 more feet than acceptable to the district. The fire hydrant required of plaintiffs will also be available to those neighbors who built prior to the effective date of the ordinance and to subsequent builders whose structures are within 600 feet of the hydrant. The hydrant required by the district would be located 300 to 600 feet from the building site on land of the water company. There was no evidence that plaintiffs' property constitutes an unusual fire hazard or constitutes a fire threat to nearby property.

Plaintiffs' attack on the ordinance is on several fronts. We need not review them all. Section 321.600 RSMo 1978 (Cum.Supp.1982) grants the district certain powers including authority to pass ordinances for fire prevention and fire protec-

tion "not in conflict with the constitution and laws of this state." That power has been upheld as it applies to ordinances proscribing certain types of building materials, *R.A. Vorhof Const. Co. v. Black Jack Fire District,* 454 S.W.2d 588 (Mo.App.1970); to ordinances requiring building permits and setting a general building code, *Community Fire Protection District v. Board of Education,* 315 S.W.2d 873 (Mo.App.1958); to ordinances providing for inspection and approval of new buildings or structures, *Easy Living Mobile Manor, Inc., v. Eureka Fire Protection District,* 513 S.W.2d 736 (Mo.App.1974), *Wellston Fire Protection District v. State Bank and Trust Company,* 282 S.W.2d 171 (Mo.App.1955); to ordinances limiting or restricting usage of buildings in which fire hazards exist, *Bellerive Inv. Co. v. Kansas City,* 321 Mo. 969, 13 S.W.2d 628 (1929), *Kalbfell v. City of St. Louis,* 357 Mo. 986, 211 S.W.2d 911 (1948). Fire districts also have the authority to procure water and hydrants, *Waterworks Co. v. Webb City,* 78 Mo.App. 422 (1899).

 All of the cases, however, recognize that an ordinance must meet the test of reasonableness. That determination may be based on the face of the ordinance or on a state of facts which affects its operation. *Stegmann v. Weeke,* 279 Mo. 140, 214 S.W. 137 (1919) [3, 4]. In determining the reasonableness of fire protection ordinances the court is justified in assessing whether the use of the property by its owner seriously affects the general public and society or is a detriment to that society. *Bellerive Inv. Co. v. Kansas City, supra,* [20]. While an ordinance may be valid in its general aspects, as to a particular state of facts involving a particular owner affected thereby, it may be so clearly arbitrary and unreasonable as to be unenforceable. *Wilson v. City of Waynesville,* 615 S.W.2d 640 (Mo.App.1981) [6–8].

We find it unnecessary to determine the general extent of the district's authority to require by ordinance the providing of fire hydrants by developers of property. We need simply say that the ordinance here requiring plaintiffs to provide at their expense, as a precondition to the use of their property, a fire hydrant to protect their neighbors is arbitrary and unreasonable as to plaintiffs. Their home and property presents no unusual fire hazard that would justify imposing on them the financial obligation to provide fire protection for the neighborhood. The trial court correctly stated that it could "find no authority in the Fire District enabling statutes that would grant such authority to tax and single out selective individuals for what is the general obligation of the district. Casting the burden as they do is unreasonable and arbitrary and cannot be justified under any theory of police power regulation...." We agree.

Judgment affirmed.

SNYDER and SATZ, JJ., concur.