**SHERWOOD ESTATES HOMES ASSOCIATION, INC.,**
Respondent,

v.

**Clyde F. & Virginia O. McCONNELL, Appellants.**

**WD 37014.**

Missouri Court of Appeals,
Western District.

July 15, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

---

James H. Thompson, Kansas City, for appellants.

Michael Patrick Keleher, Kansas City, for respondent.

Before DIXON, P.J., and MANFORD and NUGENT, JJ.

PER CURIAM:

This is a civil action involving the construction of a restrictive covenant. The judgment is affirmed.

Appellants present a sole point which charges the trial court erred in finding that certain restrictions relevant to sub-division construction applied to the erection of appellants' dog pen because such pen was not the sort of "other structure" the regulation of which was contemplated by the developers in that a strict construction, as required by law, shows an intent to restrict only major construction and not minor additions to the landscape.

This cause was tried to the court upon a stipulation of facts and a brief hearing. There being no challenge to the sufficiency of the evidence, nor any real dispute as to the facts by the parties, a brief summary of the pertinent facts suffices.

The parties agree that appellant became a landowner within the development known as Sherwood Estates and that appellants knew of the restrictions applicable to the homesites therein. There is no dispute that respondent is the proper substitute for the original developing company. Appellants made various improvements to their residence, including the installation of a bay window and deck. They also erected a dog pen in their yard. None of these changes or additions were done with prior approval from respondent. The matter was brought to the attention of respondent. All of the changes and additions made by appellants, except one, were approved by respondent and that approval was retroactive. The one addition not approved was the erection of a dog pen in appellants' yard. Respondent's efforts to have appellants remove the dog pen being unsuccessful caused this action to be filed. Respondent contended that the dog pen violated the prohibition set forth in Restriction VII of its Declaration of Restrictions which reads as follows:

VII: Approval of Plans

No building, fence, wall or other structure shall be commenced, erected or maintained, nor shall any addition thereto or change or alterations therein be made, until plans and specifications, color scheme, plot plan and grading plan therefor, or other information satisfactory to the Company shall have been submitted to and approved in writing by the Company and a copy thereof as finally approved lodged with the Company. In so passing upon such plans, specifications and other requirements, the Company may take into consideration the suitability of the proposed building or other structure and the materials of which it is to be built, to the site upon which, it is proposed to erect same, the harmony thereof with the surroundings and the effect of the building or other structure as planned on the outlook from adjacent or neighboring property.

Respondent presented uncontroverted evidence that such a dog pen did not help property values and in fact lessened property values. The dog pen in question has concrete block flooring and is enclosed by fencing. The entire structure is housed inside the rear fenced yard of appellants'.

The trial court entered its Findings of Fact and Conclusions of Law and its judgment. In its findings, the court concluded that appellants' dog pen is a "structure" as that term is used in Restriction VII. The trial court then ordered appellants to remove their dog pen. This appeal followed.

The parties herein agree that the fundamental issue is whether appellants' dog pen falls within the catagory of "other structure" as that term is used and contemplated within Restriction VII.

It is appellants' contention first that their dog pen is not within the term "other structure" and to so conclude this court would be following the rule in Missouri that the law favors the free use of real property and that restrictions on the use of land are to be strictly construed as expressed in *Caniglia v. Nigro Corp.*, 441 S.W.2d 703, 712 (Mo.1969), and *Paddock Forest Residents Assoc., Inc. v. Ladue Service Corp.*, 613 S.W.2d 474, 477 (Mo. 1981).

In contrast, respondent contends appellants' dog pen is within the term "other structure" as found and contemplated by Restriction VII and argues such restrictions which are adopted for the purpose of a pleasant residential environment are properly recognized within our law as declared in *Lake St. Louis Community Assoc. v. Kamper*, 503 S.W.2d 447, 449 (Mo. App.1973).

The question of enforcement of Restriction VII is not at issue in this case because this court has previously ruled that respondent may enforce restrictions. *Sherwood Estates Homes Assoc., Inc. v. Schmidt*, 592 S.W.2d 244, 247 (Mo.App.1979). Thus, as the parties have noted, the only real issue is whether appellants' dog pen is a structure within the meaning and contemplation of the term "other structure" as expressed in Restriction VII.

A reading of the Declaration of Restrictions discloses the intent and purpose thereof is to maintain a harmonious residential area. In addition, the Declaration of Restrictions is intended to safeguard against the effects of any structure upon the surrounding area and dwellings already upon the land. It is also obvious that the protection of the value of the various properties is one of the main purposes of the Declaration.

A structure has been defined as

Any construction or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind. A combination of material, to form a construction for occupancy, use or ornamentation, whether installed on, above or below the surface of a parcel of land. Black's Law Dictionary 1276 (rev. 5th ed. 1969).

The evidence herein revealed that appellants' dog pen has a concrete block flooring. In addition, it is a manufactured fence type structure which can be assembled by the owner. According to appellants, it is portable and can be moved by two or more persons.

There is no doubt that appellants' dog pen falls within the definition of structure as that term is defined by Black's, *supra.* In addition, our courts have held that the term "structure" is not synonymous with the term "building". *See Easy Living Mobile Manor, Inc. v. Eureka Fire Protection District*, 513 S.W.2d 736, 739 (Mo.App. 1974).

A further matter which must be considered is that by appellants' own testimony, their dog pen is a fence construction. Restriction VII, *supra,* also limits the erection of any fence without prior approval by respondent. Thus, appellants' dog pen runs afoul of Restriction VII.

These modern times bear witness to the continual conflict between the unrestricted and free use of land so jealously guarded by our heritage, and the ever increasing closeness produced by residential expansion to serve the needs of our expanding population. The present case illustrates this conflict. One interest must prevail over the other when the two interest collide. In the present case, the evidence is uncontroverted that Sherwood Estates was developed for residential use and to further that use the developing company set forth certain restrictions. There is no dispute that respondent herein is the proper substituted party for the developing company. It is likewise not in dispute that appellants acquired their property with full knowledge and acceptance of the restrictions. Enforcement of the restrictions by respondent is also not in dispute.

This court holds, and thus rules, that appellants' dog pen falls within the definition of the term "structure", Black's, *supra,* and further, that their dog pen is a structure with the meaning and contemplation of the term "other structure" as that term is found and is made use of in Restriction VII.

Respondent urges this court to adopt a ruling that any structure would fall within the term "other structure" as expressed in Restriction VII. This court is not unmindful that respondent's suggestion is perhaps a practical one as regards potential and future litigation, but this court is hesitant to rule so broadly for to do so would be to foreclose all possible use of properties within Sherwood Estates whenever a "structure" was at issue. The better approach, it appears to this court, is to take each case and to decide it upon its individual facts and circumstances.

The judgment of the trial court is affirmed and appellants are hereby ordered to remove their dog pen from their property described as Lot 26, Block 10 Sherwood Estates, commonly known as 4931 N. Sherwood Drive, Kansas City, Missouri, forthwith.