The Honorable Bill McKenna Representative, District 105 State Capitol Building, Room 305A Jefferson City, Missouri 65101
Dear Representative McKenna:
This opinion is in response to your questions asking:
 Does a fire district have the power under Chapter 321, RSMo, by a properly enacted ordinance, to require a water district to include fire hydrants when installing water mains within the fire district boundaries? Furthermore, could the fire district, by a properly enacted ordinance, require hydrants when mains are updated or upgraded?
In Missouri Attorney General Opinion Letter No. 72-87, a copy of which is enclosed, this office addressed the question of whether a fire protection district has the power by a properly enacted ordinance to require a municipality to include fire hydrants when installing water lines through the district. That opinion cited the broad delegation of powers to fire protection districts in the areas of fire protection and prevention including, among others, subsections (12) and (14) of Section321.220, RSMo. Section 321.220, RSMo Supp. 1989, provides in part:
 321.220. Powers of board. — For the purpose of providing fire protection to the property within the district, the district and, on its behalf, the board shall have the following powers, authority and privileges:
* * *
 (12) To adopt and amend bylaws, fire protection and fire prevention ordinances, and any other rules and regulations not in conflict with the constitution and laws of this state, necessary for the carrying on of the business, objects and affairs of the board and of the district, and refer to the proper authorities for prosecution any infraction thereof detrimental to the district. . . .
* * *
 (14) To have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted herein. Such specific powers shall not be considered as a limitation upon any power necessary or appropriate to carry out the purposes and intent of this chapter;
* * *
See also Section 321.600(12) and (14), RSMo Supp. 1989. The opinion further cited Missouri court decisions indicating a fire protection district has paramount authority with respect to fire prevention and protection. The opinion concluded a fire protection district did have the power under Chapter 321, RSMo, by properly enacted ordinance to require a municipality to include fire hydrants when installing water lines through the district.
In Schlett v. Antonia Fire Protection District,685 S.W.2d 589 (Mo.App. 1985), the Missouri Court of Appeals considered whether a fire protection district could enforce an ordinance requiring property owners to provide at their expense a fire hydrant to protect their neighborhood. The court concluded such ordinance was arbitrary and unreasonable as to the property owners. In discussing the powers of a fire protection district, the court stated:
 Section 321.600 RSMo 1978 (Cum. Supp. 1982) grants the district certain powers including authority to pass ordinances for fire prevention and fire protection "not in conflict with the constitution and laws of this state." That power has been upheld as it applies to ordinances proscribing certain types of building materials, R.A. Vorhof Const. Co. v. Black Jack Fire District, 454 S.W.2d 588 (Mo.App. 1970); to ordinances requiring building permits and setting a general building code, Community Fire Protection District v. Board of Education, 315 S.W.2d 873
(Mo.App. 1958); to ordinances providing for inspection and approval of new buildings or structures, Easy Living Mobile Manor, Inc., v. Eureka Fire Protection District, 513 S.W.2d 736 (Mo.App. 1974); Wellston Fire Protection District v. State Bank and Trust Company, 282 S.W.2d 171 (Mo.App. 1955); to ordinances limiting or restricting usage of buildings in which fire hazards exist, Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 13 S.W.2d 628
(1929), Kalbfell v. City of St. Louis, 357 Mo. 986, 211 S.W.2d 911 (1948). Fire districts also have the authority to procure water and hydrants, Waterworks Co. v. Webb City, 78 Mo.App. 422 (1899).
 All of the cases, however, recognize that an ordinance must meet the test of reasonableness. That determination may be based on the face of the ordinance or on a state of facts which affects its operation. Stegmann v. Weeke, 279 Mo. 140, 214 S.W. 137 (1919) [3, 4]. In determining the reasonableness of fire protection ordinances the court is justified in assessing whether the use of the property by its owner seriously affects the general public and society or is a detriment to that society. Bellerive Inv. Co. v. Kansas City, supra, [20]. While an ordinance may be valid in its general aspects, as to a particular state of facts involving a particular owner affected thereby, it may be so clearly arbitrary and unreasonable as to be unenforceable. Wilson v. City of Waynesville, 615 S.W.2d 640
(Mo.App. 1981) [6-8].
 We find it unnecessary to determine the general extent of the district's authority to require by ordinance the providing of fire hydrants by developers of property. We need simply say that the ordinance here requiring plaintiffs to provide at their expense, as a precondition to the use of their property, a fire hydrant to protect their neighbors is arbitrary and unreasonable as to plaintiffs. Their home and property presents no unusual fire hazard that would justify imposing on them the financial obligation to provide fire protection for the neighborhood.
Id. at 590-591.
In considering the questions posed in your opinion request, we conclude a fire protection district is authorized to require a public water supply district to include fire hydrants when installing water mains within the fire protection district boundaries or updating or upgrading the water mains. As discussed in the prior opinion of this office referred to previously and the cases cited therein, fire protection districts have broad powers in the areas of fire protection and prevention. While the court in Schlett v. Antonia FireProtection District, supra, held requiring a particular property owner to provide at his expense a fire hydrant for the neighborhood was unreasonable, the situations posed by your questions are not analogous. The situations posed by your questions are more closely related to the situation addressed in Opinion Letter No. 72-87, and we believe the reasoning in that opinion is equally applicable to your questions. Therefore, we conclude a fire protection district has the power under Chapter 321, RSMo, by a properly enacted ordinance to require a public water supply district to include fire hydrants when installing water mains within the fire protection district boundaries or updating or upgrading the water mains.
CONCLUSION
It is the opinion of this office that a fire protection district has the power under Chapter 321, RSMo, by a properly enacted ordinance to require a public water supply district to include fire hydrants when installing water mains within the fire protection district boundaries or updating or upgrading the water mains.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 72-87