Steve PRINGLE, et al., Respondents,

v.

Brian MARTIN, et al., Appellants.

No. WD 43633.

Missouri Court of Appeals,
Western District.

April 30, 1991.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
June 27, 1991.

Christopher W. Dorrance, Aull, Sherman, Worthington & Giorza, Lexington, for appellants.

L. Clay Barton, Cochran, Oswald, Barton, McDonald & Graham, Oak Grove, for respondents.

Before NUGENT, C.J., and ULRICH and BRECKENRIDGE, JJ.

ULRICH, Judge.

Brian and Martha Martin, owners of lots 5 and 6 in Country Squire Estates, a platted subdivision within Lafayette County, appeal the declaratory judgment entered in favor of other lot owners within the subdivision finding that the Martins breached restrictive covenant number 11 by moving a structure onto lots 5 and 6. The judgment is reversed.

William and Nancy McCoy, husband and wife, owned a tract of land near Oak Grove in Southwestern Lafayette County. The McCoy's subdivided the tract into twenty-three lots, named the tract Country Squire Estates, filed Declaration of Restrictions applicable to Country Squire Estates with the Lafayette County Recorder of Deeds, and sold every lot.

Brian and Martha Martin purchased lots 5 and 6, located in the Northeast portion of the subdivision. In October 1989, the Martins began construction on the lots. Ground was cleared and excavated, and a foundation was poured that includes a basement and concrete slab for the garage. However, instead of stick construction, the Martins purchased a prefabricated house built by Atlantic Manufactured Homes. The house was designed to meet HUD specifications and standards, was constructed of materials normally used to construct houses on construction sites, and consisted primarily of two parts which were transported separately to lots 5 and 6, placed on the foundation and ultimately secured to each other.

After construction of the Martin home began, the other lot owners within the subdivision filed their petition for declaratory judgment seeking to have the Martins' house declared in violation of restriction number 11, which states that "No structure shall be moved on said premises from another location, and no dwelling or residence shall be occupied until fully completed within six (6) months after the first earth excavation is started." The parties submitted the case on the pleadings, a stip-

ulation and briefs. The trial court found that the "Defendants violated the provisions of the Declaration of Restrictions ... by moving an Atlantic Manufactured Home onto lots 5 and 6...."

The Martins contend that the trial court erred in finding that they violated restriction number 11 by moving component parts of their house onto lots 5 and 6 because (1) the restriction, as related to the construction method of the Martin's house, was ambiguous and should be construed in favor of free use of the land; (2) the component parts of the house moved onto the lots did not constitute a "structure," as referred to in the restriction, until the components were joined together on the site; and (3) the parties stipulated that the component parts, and not the home as a completed entity, were moved onto the lots.

The standard of review requires that this court uphold the trial court's judgment unless no substantial evidence supports it, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Lake St. Louis Community Ass'n v. Ravenwood Properties, Ltd.*, 746 S.W.2d 642, 644 (Mo.App.1988); Rule 73.01.

Rules of construction of restrictive covenants are well established. Restrictive covenants are narrowly construed and are not extended by implication to include anything not clearly expressed in them. *Ravenwood*, 746 S.W.2d at 644. If there is a substantial doubt as to the meaning of a restrictive covenant, such doubt should be resolved against the restriction and in favor of the free use of property. *Id.* However, this principle should never be applied in a manner that would defeat the plain and obvious purpose and intent of the restriction. *Id.*

The Martins' first contention alleges that restriction No. 11, precluding them from moving a "structure" onto a subdivision lot, is ambiguous and should not prevent them from moving two sections of their house onto Lots 5 and 6. In the case of *Sherwood Estates Homes Ass'n Inc. v. McConnell*, 714 S.W.2d 848, 850 (Mo.App. 1986), the court accepted the definition of "structure" provided in Black's Law Dictionary, rev. 5th ed. 1969, p. 1276, and stated the term meant:

> "Any construction or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind. A combination of material, to form a construction for occupancy, use or ornamentation, whether installed on, above or below the surface of a parcel of land."

The court in *McConnell* also notes that the term "structure" is not synonymous with the term "building." 714 S.W.2d at 850.

Missouri courts also considered the meaning of the word "structure" in *Easy Living Mobile Manor, Inc. v. Eureka Fire Protection Dist.*, 513 S.W.2d 736, 739 (Mo. App.1974). In *Easy Living*, the court determined that, when the word "structure" is applied to a material thing made by human labor, the word means something composed of parts or portions which have been put together by human exertion. *Id.*

Finally, the definition of the word "structure" was considered in *Skinner v. Henderson*, 556 S.W.2d 730, 733 (Mo.App. 1977). In *Skinner*, the court, citing *Greenberg v. Koslow*, 475 S.W.2d 434, 437 (Mo. App.1971), adopted the definition of "structure" stated in 83 C.J.S., *Structure* p. 548 (1953), which provides that "A structure is ... a production composed of parts artificially joined together according to plan and design to accomplish a definite purpose...." *Skinner*, 556 S.W.2d at 733.

The Martins' house consisted primarily of two component parts made of the same types of materials used to construct houses at other construction sites within the subdivision. The components were transported to the construction site separately and placed upon the foundation, one soon after the other. Construction procedures were utilized on the site to complete the home. Each component part was a composite of material joined together. However, each was not and had never been a completed entity as contemplated by the definitions of "structure" which have been cited above.

Construing narrowly restriction No. 11, each of the two component parts was not a structure as contemplated by the restriction. If the two component parts had been joined before they were placed on the lots and the completed house moved onto the construction site, the completed house would have been a "structure" and in violation of restriction No. 11.

The Martins contend as points 2 and 3 that, because the two component parts of the house were moved onto the construction site, a "structure" did not exist until they were joined together. The Martins further contend that, because the parties stipulated that "component parts" were moved onto lots 5 and 6, a "structure" did not exist until the construction was completed on the construction site. Both points 2 and 3 are addressed above.

The judgment of the trial court is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares or applies the law.

The judgment is reversed.

All concur.